UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
JIMMIE MECCYA WILLIAMS,  :
                                                  Case No.: 05 Civ. 5909 (HB)
                      Plaintiff,  :

         vs.  :

TADD LAZARUS, M.D., P.C., ET AL.  :

       and  :

ST CLARE'S HOSPITAL AND HEALTH
CENTER,  :

                           Defendants.  :
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE OF OR REFERENCE TO ANY PRIOR OR
SUBSEQUENT "BAD ACTS" BY OR CRIMINAL CONVICTIONS OF PLAINTIFF**

SIMPSON THACHER & BARTLETT LLP

Paul C. Gluckow (PG-0159)
Joshua R. Geller (JG-0187)
Emma Lindsay (EL-0604)

425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Attorneys for Plaintiff

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

I. EVIDENCE OF MR. WILLIAMS' PRIOR "BAD ACTS" IS IRRELEVANT, PREJUDICIAL AND, HENCE, INADMISSIBLE ........................................................... 3

    A. THE EVIDENCE OF CONDUCT UNDERLYING CONVICTIONS AND OTHER "BAD ACTS" IS IRRELEVANT ................................................ 4

        1. Evidence Of The 1993 Welfare Fraud Conviction ................................. 4

        2. Evidence Of The Post-July 1999 Abduction And Sexual Assault Convictions ............................................................................................. 5

        3. Evidence Of Parole Violations ................................................................ 6

        4. Evidence Of Other Alleged Bad Acts ..................................................... 6

    B. THE EVIDENCE OF CONVICTIONS AND OTHER "BAD ACTS" IS UNDULY PREJUDICIAL, WILL CONFUSE THE ISSUES, AND MAY MISLEAD THE JURY ........................................................................................ 7

II. ANY PROBATIVE VALUE IN ALLOWING ST. CLARE'S TO EXPOUND ON MR. WILLIAMS' CRIMINAL CONVICTIONS TO IMPEACH HIS CREDIBILITY IS SUBSTANTIALLY OUTWEIGHED BY THE PREJUDICIAL EFFECTS THIS WOULD HAVE UPON THE JURY .......................... 9

    A. THE 1993 WELFARE FRAUD CONVICTION .................................................. 9

    B. THE POST-JULY 1999 ABDUCTION AND SEXUAL ASSAULT CONVICTIONS ..................................................................................................... 11

CONCLUSION ............................................................................................................................. 12

i

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Jones v. Sheahan*, No. 99 C 3669, 01 C 1844, 2003 WL
21654279 (N.D. Ill. July 14, 2003) .................................................................................. 11, 12

*Kramer v. Rosenthal*, 637 N.Y.S.2d 772 (N.Y. App. Div.
1996) ......................................................................................................................................... 2

*Lee Kwong Nom v. United States*, 20 F.2d 470 (2d Cir.
1927) ......................................................................................................................................... 5

*Mills v. Estelle*, 552 F.2d 119 (5th Cir. 1977) ............................................................................. 11

*Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644
(1997) ....................................................................................................................................... 8

*United States v. Agostini*, 280 F. Supp. 2d 260 (S.D.N.Y.
2003) ........................................................................................................................................ 6

*United States v. Bad Cob*, 560 F.2d 877 (8th Cir. 1977) .............................................................. 8

*United States v. Colletti*, 984 F.2d 1339 (3d Cir. 1992) .............................................................. 11

*United States v. Crumbly*, No. 06-11387, 2007 WL 328813
(11th Cir. Feb. 2, 2007) ........................................................................................................... 10

*United States v. Estrada*, 430 F.3d 606 (2d Cir. 2005) ............................................................... 11

*United States v. Flaharty*, 295 F.3d 182 (2d Cir. 2002) ............................................................... 6

*United States v. Glenn*, 667 F.2d 1269 (9th Cir. 1982) ............................................................... 11

*United States v. Gonzalez*, No. 3:02CR7(JBA), 2004 WL
1920492 (D. Conn. Aug. 17, 2004) ......................................................................................... 8

*United States v. Hayes*, 87 Fed.Appx. 603 (8th Cir. 2004) ........................................................ 10

*United States v. Krulewitch*, 145 F.2d 76 (2d Cir. 1944) ............................................................. 3

*United States v. Lawes*, 292 F.3d 123 (2d Cir. 2002) ................................................................... 8

*United States v. LeCompte*, 108 F.3d 948 (8th Cir. 1997) ........................................................... 8

*United States v. Mahler*, 579 F.2d 730 (2d Cir. 1978) ............................................................... 10

*United States v. Pascarella*, 84 F.3d 61 (2d Cir. 1996) ............................................................... 7

*United States v. Puco*, 453 F.2d 539 (2d Cir. 1971) .................................................................... 7

*United States v. Tomaiolo*, 249 F.2d 683 (2d Cir. 1957) .............................................................. 5

*United States v. Wellons*, 32 F.3d 117 (4th Cir. 1994) ................................................................. 8

Weiss v. Finkelstein, No. 14989/04, 2006 WL 3094360
 (N.Y. Sup. Ct. Nov. 2, 2006) ..................................................................................................... 2

*Wright v. Aargo Sec. Servs., Inc.*, No. 99 Civ. 9115(CSH),
 2001 WL 1035139 (S.D.N.Y. Sept. 7, 2001) .......................................................................... 10

## **Rules**

Fed. R. Evid. 401 ................................................................................................................... 3, 4

Fed. R. Evid. 402 ....................................................................................................................... 3

Fed. R. Evid. 403 ............................................................................................................... passim

Fed. R. Evid. 404(b) .................................................................................................................. 7

Fed. R. Evid. 608(b) ............................................................................................................... 5, 6

Fed. R. Evid. 609 ............................................................................................................... 1, 8, 9

Fed. R. Evid. 609(a) .................................................................................................................. 9

Fed. R. Evid. 609(a)(1) ............................................................................................................ 11

Fed. R. Evid. 609(a)(2) .................................................................................................. 9, 10, 11

Fed. R. Evid. 609(b) ............................................................................................................ 9, 10

Fed. R. Evid. 611 ....................................................................................................................... 3

## **Other Authorities**

1972 Advisory Committee Notes to Rule 401 ........................................................................... 4

1972 Advisory Committee Notes to Rule 608 ........................................................................... 5

1990 Advisory Committee Notes to Rule 609 ..................................................................... 9, 10

iii

Plaintiff Jimmie Meccya Williams, by his attorneys, Simpson Thacher & Bartlett LLP, respectfully submits this memorandum of law in support of his motion in limine to exclude evidence of or reference to any prior or subsequent "bad acts" by or criminal convictions of Plaintiff.

**PRELIMINARY STATEMENT**

Defendant St. Clare's Hospital and Health Center ("St. Clare's") previewed its trial strategy during Mr. Williams' deposition when counsel repeatedly attempted to elicit irrelevant testimony regarding Mr. Williams' criminal convictions and a litany of other alleged bad acts. However, the trial in this case will not turn on whether Mr. Williams is a "good" or a "bad" man. Rather, the jury will be asked to decide (1) if in misdiagnosing Mr. Williams as HIV positive and erroneously treating him for the virus, Defendants committed medical malpractice, and (2) the extent of damages suffered by Mr. Williams as a result of his misdiagnosis and erroneous treatment by Defendants. These issues of liability and damages are narrow and few, and evidence of Mr. Williams' convictions and other alleged bad acts is completely irrelevant to them. While irrelevance alone is a sufficient ground for this Court to exclude evidence, the evidence of Mr. Williams' convictions (for welfare fraud, abduction and sexual assault) and other alleged bad acts is also extremely prejudicial, and the Court should grant Mr. Williams' motion to exclude this evidence on that basis also. To the extent that St. Clare's seeks to introduce evidence of Mr. Williams' convictions to impeach his credibility, one conviction is more than ten years old, and all fail the balancing test mandated by Rule 609 . Consequently, the Court should also exclude Mr. Williams' convictions if St. Clare's attempts to introduce them for purposes of impeachment.

## BACKGROUND

This is a straightforward medical malpractice action. The jury in this case will be called upon to determine whether Defendants' treatment of Mr. Williams in 1996 and 1997 deviated from generally accepted medical practice and the extent of the damages suffered by Mr. Williams as a result of such treatment.[1] *See* Complaint. Neither Mr. Williams' criminal convictions nor any other alleged bad acts are in any way relevant to this claim.

The deposition strategy of St. Clare's suggests that it will seek to introduce evidence of Mr. Williams' bad acts at trial. During Mr. Williams' deposition on November 17, 2006, counsel for St. Clare's attempted to elicit testimony regarding criminal convictions, Williams Deposition Transcript ("Dep. Tr.")[2] at 14-15, 145-47, 184-85, 188-89, as well as an extensive range of other possible bad acts including infractions of prison rules, *id.* at 25-27, parole violations, *id.* at 63-64, 198, 210-12, juvenile arrests, *id.* at 43-44, family court orders, *id.* at 139-40, and Medicaid or Social Security liens, *id.* at 144.[3]

---

[1] *See, e.g.*, *Weiss v. Finkelstein*, No. 14989/04, 2006 WL 3094360, at *3 (N.Y. Sup. Ct. Nov. 2, 2006) ("The essential elements of a medical malpractice action are comprised of the following: [1] a deviation or departure from accepted medical practice and [2] evidence that such departure was a proximate cause of plaintiff's injury"); *Kramer v. Rosenthal*, 637 N.Y.S.2d 772, 773 (N.Y. App. Div. 1996) ("The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage"). St. Clare's has raised no additional factual issues in its Answer or in any subsequent pleading in this case.

[2] A complete copy of the transcript of Mr. Williams' deposition is attached as Exhibit A to the Declaration of Joshua R. Geller in Support of Plaintiff's Motion in Limine to Exclude Evidence of or Reference to Any Prior Bad Acts by or Criminal Convictions of Plaintiff ("Geller Decl.").

[3] Mr. Williams denied all but one of these categories of alleged bad acts, confirming a number of minor parole violations including leaving the state without permission and possession of an open container of alcohol, Williams Dep. Tr. at 210-12, and stating that he did not remember others, *id.* at 63-64.

2

Moreover, counsel for St. Clare's confirmed as recently as last week that they intend to seek to introduce evidence of Mr. Williams' criminal convictions at trial. *See* Geller Decl. at ¶ 3.

**ARGUMENT**

Mr. Williams has the right to have his case tried on its merits, rather than have the jury confused by irrelevant evidence or improperly influenced by prejudicial evidence. Accordingly, the Court should ensure that Mr. Williams receives a fair trial by excluding any evidence of or commentary by counsel regarding the alleged bad acts or criminal convictions described herein.

**I.    EVIDENCE OF MR. WILLIAMS' PRIOR "BAD ACTS" IS IRRELEVANT, PREJUDICIAL AND, HENCE, INADMISSIBLE**

"Relevant evidence" is only that evidence which has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Only relevant evidence may be admissible at trial: "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Moreover, even relevant evidence may be excluded when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Taken together, these rules stand for the fundamental proposition that "the competence of evidence in the end depends upon whether it is likely, all things considered, to advance the search for the truth." *United States v. Krulewitch*, 145 F.2d 76, 80 (2d Cir. 1944) (Hand, J.). Evidence that is not relevant or only marginally relevant yet extremely prejudicial does not meet this test, and is not properly before the jury. *See id.* ("As has been said over and

over again, the question is always whether what it will contribute rationally to a solution is more than matched by . . . the chance that it will divert the jury from the facts which should control their verdict."); *see also* Fed. R. Evid. 611 (vesting trial court with wide discretion over the presentation of evidence to "make the . . . presentation effective for the ascertainment of the truth").

### A.     The Evidence Of Conduct Underlying Convictions And Other "Bad Acts" Is Irrelevant

The "fact[s] that [are] of consequence to the determination of th[is] action," Fed. R. Evid. 401, are narrow and few. The jury will be asked to determine whether Defendants' treatment of Mr. Williams in 1996 and 1997 deviated from generally accepted medical practice and the extent of the damages suffered by Mr. Williams as a result of such treatment. These discrete issues constitute the sole questions "to which proof may properly be directed." 1972 Advisory Committee Notes to Rule 401.

The evidence of prior bad acts that St. Clare's may seek to introduce at trial fails the relevancy test of Rule 401 because, as set out below, none of it has any tendency to prove or disprove whether Defendants' treatment of Mr. Williams in 1996 and 1997 deviated from generally accepted medical practice or the extent of the damages suffered by Mr. Williams as a result of such treatment.

#### 1.     Evidence Of The 1993 Welfare Fraud Conviction

At Mr. Williams' deposition, counsel for St. Clare's elicited testimony regarding a conviction for welfare fraud from 1993. Williams Dep. Tr. at 14-15. We were subsequently informed that they intend to introduce evidence of this conviction at trial. Geller Decl. at ¶ 3. Reference to Mr. Williams' conviction should be excluded for the reasons set out in Point II,

4

*infra*.[4] The conduct underlying the convictions, even if true, is completely irrelevant: fraudulent activity underlying a 1993 conviction has no bearing upon whether treatment of Mr. Williams by Defendants in 1996 and 1997 deviated from generally accepted medical practice or the extent of the damages suffered by Mr. Williams as a result of such treatment.

### 2. Evidence Of The Post-July 1999 Abduction And Sexual Assault Convictions

At Mr. Williams' deposition, counsel for St. Clare's elicited testimony regarding convictions for abduction and sexual assault which occurred after July 1999. Williams Dep. Tr. at 145-47, 184-85, 188-89. We were subsequently informed that they intend to introduce evidence of these convictions at trial. Geller Decl. at ¶ 3. Mr. Williams did not plead guilty to these charges, Williams Dep. Tr. at 146, 184, and reference to his convictions should be excluded for the reasons set out in Point II, *infra*. The conduct described, even if true, is completely irrelevant: an abduction and sexual assault that occurred years after the events at issue in this case have no bearing upon whether treatment of Mr. Williams by Defendants in 1996 and 1997 deviated from generally accepted medical practice or the extent of the damages suffered by Mr. Williams as a result of such treatment.

Nor does this evidence go to credibility. Introduction of specific instances of conduct (as opposed to convictions) to challenge credibility is governed by Rule 608(b), and Defendants cannot satisfy the required standard because the specific instances of misconduct must be probative of a witness's propensity for truthfulness or untruthfulness. Fed. R. Evid. 608(b). "In accordance with the bulk of judicial authority, the inquiry is strictly limited to character for veracity, rather than allowing evidence as to character generally." 1972 Advisory

---

[4] The admissibility of the conduct underlying the conviction is a separate issue from admission of the conviction itself. *See United States v. Tomaiolo*, 249 F.2d 683, 687 (2d Cir. 1957); *Lee Kwong Nom v. United States*, 20 F.2d 470, 472 (2d Cir. 1927).

5

Committee Notes to Rule 608; *accord United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002). This salutary policy serves to "sharpen relevancy, to reduce surprise, waste of time, and confusion, and to make the lot of the witness somewhat less unattractive." 1972 Advisory Committee Notes to Rule 608.

The abduction and sexual assault are not probative of Mr. William's truthfulness. *See, e.g., United States v. Agostini*, 280 F. Supp. 2d 260, 261-62 (S.D.N.Y. 2003) (arrests for misdemeanor assault, misdemeanor menacing, misdemeanor aggravated harassment, and two counts of the lesser offense of harassment not admissible under Rule 608(b): "Although these charges do not necessarily reflect well on Crowder, they do not involve instances of dishonesty or making false statements that would bear much more directly upon Crowder's credibility as a witness."); *cf. Flaharty*, 295 F.3d at 191 ("Murder generally is not a crime of dishonesty, and nothing about the Evans murder suggested that it would in any way reflect on Hamilton's truthfulness.").

### 3.     Evidence Of Parole Violations

At Mr. Williams' deposition, counsel for St. Clare's elicited testimony regarding parole violations. Williams Dep. Tr. at 63-64, 198, 210-12. As is the case with the convictions discussed above, the conduct described, even if true, is completely irrelevant: parole violations have no bearing upon whether treatment of Mr. Williams by Defendants in 1996 and 1997 deviated from generally accepted medical practice or the extent of the damages suffered by Mr. Williams as a result of such treatment.

### 4.     Evidence Of Other Alleged Bad Acts

At Mr. Williams' deposition, counsel for St. Clare's repeatedly embarked on lines of questioning clearly aimed at eliciting testimony of other alleged bad acts including infractions of prison rules, Williams Dep. Tr. at 25-27, juvenile arrests, *id.* at 43-44, family court orders, *id.*

6

at 139-40, and Medicaid or Social Security liens, *id*. at 144.  None of this material contains any reference to any issue properly before the jury, and, as such, is completely irrelevant.

        **B.**       **The Evidence Of Convictions And Other "Bad Acts" Is Unduly Prejudicial, Will Confuse The Issues, And May Mislead The Jury**

        Even if evidence of bad acts had relevance to the issues in dispute (it does not), it must nonetheless be excluded as unfairly prejudicial pursuant to Rule 403.  That rule provides for the exclusion of even relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

        *First*, allowing Defendants to introduce evidence that Mr. Williams was involved in fraudulent activity prior to his treatment by Defendants or was involved in an abduction and sexual assault subsequent to that treatment, or that Mr. Williams committed any of the litany of unproven bad acts suggested by counsel for St. Clare's during his deposition, will substantially and unjustifiably increase the risk that the jury will base its verdict on whether Mr. Williams is a "good person" or "bad person,"[5] rather than whether Defendants deviated from generally accepted medical practice in treating Mr. Williams for HIV.  *Cf. United States v. Puco*, 453 F.2d 539, 542 (2d Cir. 1971) ("The average jury is unable, despite curative instructions, to limit the influence of a defendant's criminal record to the issue of credibility.").

        There is a pronounced danger that the jury in this case may be unable to determine fairly the narrow issues required if they are allowed to be distracted by Mr. Williams' alleged bad acts.  This highly inflammatory evidence has "an undue tendency to suggest decision

---

[5]    *Cf.* Fed. R. Evid. 404(b) (evidence of prior bad acts "is not admissible to prove the character of a person in order to show action in conformity therewith"); *accord United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996) (evidence of prior bad acts inadmissible under Rule 404(b) where "it is introduced for the sole purpose of showing the defendant's bad character").

7

on an improper basis"—here, "an emotional one"—and thus constitutes unfair prejudice under Rule 403.  *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quotations omitted).

Where, as here, the evidence is of negligible probative value (*see* Point I.A., *supra*) and its introduction runs a great risk of unfair prejudice and confusion of the issues, the proper course is exclusion.  *See, e.g., United States v. Lawes*, 292 F.3d 123, 131-32 (2d Cir. 2002) (affirming trial court's Rule 403 prohibition on cross examination regarding prior bad acts where "the risk of distraction resulting from appellant's intended interrogation substantially outweighed any probative value of the evidence"); *United States v. Bad Cob*, 560 F.2d 877, 880 (8th Cir. 1977) (rejecting attempt "to complicate an essentially simple case" of larceny with only tangentially relevant evidence regarding possession of a shotgun; admission of the evidence would "clearly [have been] an exercise in futility").

*Second*, with respect to allegations of misconduct that have not resulted in conviction, allowing Defendants to introduce evidence regarding these allegations will result in undue delay and will constitute a waste of time.  These incidents are only probative if they actually occurred—and no court or jury has ever so concluded.  Thus, in order to establish any relevance whatsoever, Defendants would have to prove that Mr. Williams actually committed the alleged bad acts.  Because this would completely distract the jury from the narrow questions before it, the Court should exclude this evidence.  *See, e.g., United States v. LeCompte*, 108 F.3d 948, 951 (8th Cir. 1997); *United States v. Wellons*, 32 F.3d 117, 120 n.3 (4th Cir. 1994); *United States v. Gonzalez*, No. 3:02CR7(JBA), 2004 WL 1920492, at *7 (D. Conn. Aug. 17, 2004).

II.   **ANY PROBATIVE VALUE IN ALLOWING ST. CLARE'S TO EXPOUND ON MR. WILLIAMS' CRIMINAL CONVICTIONS TO IMPEACH HIS CREDIBILITY IS SUBSTANTIALLY OUTWEIGHED BY THE PREJUDICIAL EFFECTS THIS WOULD HAVE UPON THE JURY**

Rule 609 governs when convictions may be used to impeach credibility. Fed. R. Evid. 609. That rule is by its very terms subject to the proviso that the probative value of such evidence must not be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see* Fed. R. Evid. 609(a) (providing that admission of evidence of conviction is subject to Rule 403).

> The danger of prejudice from the use of prior convictions is not confined to criminal defendants. * * * [Rule 609] reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403, which provides that evidence shall not be excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate for assessing the admissibility of prior convictions . . . .

1990 Advisory Committee Notes to Rule 609.

Here, St. Clare's apparently intends to attempt to impeach Mr. Williams' credibility based on his 1993 welfare fraud conviction and his post-July 1999 convictions for abduction and sexual assault.

A.   **The 1993 Welfare Fraud Conviction**

While the welfare fraud conviction concerns a crime of dishonesty or false statement within the ambit of Rule 609(a)(2), more than ten years have elapsed since Mr. Williams' release from the confinement imposed for that conviction.[6] A conviction older than ten years is only admissible if its probative value "supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b); *see also United States v.*

---

[6]   Mr. Williams was released in on October 1995. Williams Dep. Tr. at 16.

9

*Hayes*, 87 Fed.Appx. 603, 604 (8th Cir. 2004) ("Rule 609(b) thus establishes a rebuttable presumption against admissibility.")  Accordingly, evidence of this stale conviction is presumptively inadmissible.

The main issues of fact at trial—whether Defendants' treatment of Mr. Williams in 1996 and 1997 deviated from generally accepted medical practice and the extent of the damages suffered by Mr. Williams as a result of such treatment—do not turn solely on the credibility of Mr. Williams' testimony, but rather will be proven through documentary evidence and other witnesses as well.  *See, e.g., Wright v. Aargo Sec. Servs., Inc.*, No. 99 Civ. 9115(CSH), 2001 WL 1035139, at *4 (S.D.N.Y. Sept. 7, 2001).  Therefore, the probative value of the conviction is slight.  *Id.*; *see also United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978) (stating that Congress believed that convictions over ten years old have "very little or no probative value").

However, introducing the conviction would be highly prejudicial to Mr. Williams, because St. Clare's would portray him as a person of bad character, possibly causing him to lose the jury's sympathy.  *See* 1972 Advisory Committee Notes to Rule 609 (approving view that character evidence "subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened").

Furthermore, the welfare fraud conviction is excludable for the failure of St. Clare's to notify Mr. Williams in writing of its intention to introduce such evidence, as is mandated by Rule 609(b).  *See, e.g., United States v. Crumbly*, No. 06-11387, 2007 WL 328813, at *5-*6 (11th Cir. Feb. 2, 2007)  (observing that "Rule 609(b) requires the proponent to give 'sufficient advance written notice of intent to use [ ] evidence' of a conviction more than ten

years old" and affirming trial court's exclusion of evidence pursuant to this "mandatory language") (brackets in original); *United States v. Colletti*, 984 F.2d 1339, 1343 (3d Cir. 1992) (holding that trial court's ruling that proposed impeachment would not be permitted because appellants failed to provide advance notice to government was "unassailably correct").

      **B.**      **The Post-July 1999 Abduction And Sexual Assault Convictions**

Neither abduction nor sexual assault is a crime of dishonesty or false statement within the ambit of Rule 609(a)(2). *See, e.g.*, *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) ("Generally, crimes of violence . . . do not involve 'dishonesty or false statement' within the meaning of rule 609(a)(2)."); *Jones v. Sheahan*, No. 99 C 3669, 01 C 1844, 2003 WL 21654279, at *3 (N.D. Ill. July 14, 2003) ("sexual assault is not a crime of 'dishonesty or false statement'"). Accordingly, this evidence is not presumptively admissible. Fed. R. Evid. 609(a)(2) (providing for automatic admissibility for impeachment purposes of evidence that a witness has been convicted of a crime involving "dishonesty or false statement").

Admission of these highly prejudicial and negligibly probative convictions is contingent upon the Court conducting a Rule 403 analysis, balancing the helpfulness of this evidence to the jury against the "danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see* Fed. R. Evid. 609(a)(1) (providing that admission of evidence of conviction is subject to Rule 403). Here, in the case of crimes of violence "ranking low on that scale [of probative worth on credibility]," *United States v. Estrada*, 430 F.3d 606, 618 (2d Cir. 2005), the balance tips unmistakably in favor of exclusion.

It is axiomatic that "prior crime evidence invites a jury improperly to weight testimony according to their perceptions of the relative infamy associated with a particular crime." *Mills v. Estelle*, 552 F.2d 119, 120 (5th Cir. 1977). The prejudicial effects of informing

11

the jury that Mr. Williams has been convicted of abduction and sexual assault cannot be underestimated here. *See, e.g.*, *Jones*, 2003 WL 21654279, at *3 ("[T]here is a substantial risk here that if the jury learns of Mr. Jones's criminal conviction for criminal sexual assault against his cellmate, it will view him as a 'bad person' not because he is a liar (since the sex offense is not highly probative of credibility), but rather because he would perpetrate a sex offense that jurors might find odious.") (internal quotation omitted).

## CONCLUSION

For the reasons set out above, the Court should ensure that the jury is presented with only relevant, probative evidence by excluding evidence of or reference to any prior or subsequent bad acts by or criminal convictions of Mr. Williams.

Dated: New York, New York
       February 14, 2007

SIMPSON THACHER & BARTLETT LLP

By: _____/s/_____
    Paul C. Gluckow (PG-0159)
    Joshua R. Geller (JG-0187)
    Emma Lindsay (EL-0604)

    425 Lexington Avenue
    New York, New York 10017-3954
    Telephone:  (212) 455-2000
    Facsimile:   (212) 455-2502

    Attorneys for Plaintiff