
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JIMMIE MECCYA WILLIAMS,

                Plaintiff,

vs.

TADD LAZARUS, M.D., P.C, ET Al. and
ST. CLARE'S HOSPITAL and HEALTH CENTER,
                Defendants.
------------------------------------------------------------x

Action No. 05 CV 5909 (HB)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO VACATE THE DEFAULT NOTED BY THE CLERK AGAINST THE NON-APPEARING DEFENDANT TADD LAZARUS, M.D.**

SILVERSON, PARERES & LOMBARDI, LLP

Victoria Lombardi, Esq. (VL-4722)
300 East 42nd Street
New York, New York 10017
T. (212) 557-1818
F. (212) 557-1336

Attorneys for Defendant, St. Clare's Hospital and Health Center, n/k/a St. Vincent's Midtown Hospital

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND .................................................................................................................2

ARGUMENT......................................................................................................................3

    I.    DR. LAZARUS WAS NOT EMPLOYED AT ST. CLARE'S AND DID NOT MAINTAIN AN OFFICE AT ST. CLARE'S AT THE TIME OF SERVICE ........3

    II.    LINDA BROWN WAS NOT AUTHORIZED TO ACCEPT AND DID NOT ACCEPT FOR DR. LAZARUS ON DECEMBER 23, 2005 ...................................4

    III.    DR. LAZARUS WAS NEVER PROPERLY SERVED IN THIS ACTION AND A DEFAULT SHOULD NOT HAVE BEEN ENTERED AGAINST HIM.................................................................................................................5

CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITIES

Statutes

Federal Rule of Civil Procedure 4(e)..................................................................................3, 5

Federal Rule of Civil Procedure 55(c)..............................................................................1, 3, 7

New York Civil Practice Law and Rules 308......................................................................3

Defendant St. Clare's Hospital and Health Center, n/k/a St. Vincent's Midtown Hospital (hereinafter "St. Clare's), by its attorneys Silverson Pareres & Lombardi, respectfully submits this Memorandum of Law in support of its motion to vacate the default of the non-appearing defendant Tadd Lazarus, M.D. (hereinafter "Dr. Lazarus"). The reason for this motion is to correct an error regarding the issue of service of process upon defendant Dr. Lazarus resulting from the purported actions of the moving defendant St. Clare's, which resulted in a default wrongfully entered against Dr. Lazarus.

## PRELIMINARY STATEMENT

It must be noted at the outset that the undersigned does not represent Dr. Lazarus. While plaintiff's counsel will likely argue that the undersigned does not have standing to make a motion on behalf of Dr. Lazarus, this motion is being made because the actions of an Administrative Assistant at St. Clare's have been misinterpreted as acceptance of service for Dr. Lazarus and have therefore negatively impacted this defendant, who has never appeared in this action, and who, upon information and belief, has never been properly served in this action.

It is respectfully submitted that the within papers demonstrate "good cause" for this Court to set aside the erroneous entry of default against Dr. Lazarus pursuant to Federal Rule of Civil Procedure 55(c).

Plaintiff's Affidavit of Service documents that Dr. Lazarus was served with a copy of the Summons and Complaint at 415 West 51st Street, New York, NY 10019 (St. Clare's Hospital), on December 23, 2005. However, Dr. Lazarus was not an employee of St. Clare's and did not maintain an office at St. Clare's at the time plaintiff claims to have served Dr. Lazarus at St. Clare's. In fact, Dr. Lazarus' last date of employment at St. Clare's was February 27, 1999.

1

As demonstrated herein, plaintiff failed to comply with the legal requirements for service of a Summons and Complaint and a default should not have been entered.

Accordingly, defendant respectfully requests that any default against Dr. Lazarus be vacated because the default noted by the Clerk is an error.

## BACKGROUND

Plaintiff commenced this action for negligence and negligent infliction of emotional distress against Dr. Lazarus and St. Clare's by filing a Summons and Complaint. (A copy of the Summons and Complaint is attached as EXHIBIT "A" to the instant motion). An Answer was interposed by St. Clare's, but Dr. Lazarus has never appeared in this action.

At the time of the alleged negligence, November 1996 through August 1997, Dr. Lazarus was an employee of St. Clare's. However, as set forth herein, Dr. Lazarus was not an employee of St. Clare's and did not practice medicine or maintain a professional office at St. Clare's at the time that plaintiff purportedly served Dr. Lazarus, on December 23, 2005.

The Affidavit of Service as to Dr. Lazarus documents that a U.S. Marshall served a Summons/Complaint on Dr. Tadd Lazarus at St. Clare's Hospital, located at 415 West 51st Street, New York, NY 10019, on 12/23/05 at 10:00 a.m. The Affidavit notes that the person served was a "person of suitable age and discretion then residing in the defendant's usual place of abode". (A copy of the Affidavit of Service is attached as EXHIBIT "B" to the instant motion).

Based upon the filing of an Affidavit of Service, the Clerk has noted the default of Dr. Lazarus. (A copy of the Clerk's Certificate noting the default of defendant Dr. Lazarus is attached as EXHIBIT "C" to the instant motion.) The Clerk's Certificate indicates that "a copy

of the summons and complaint was served on Dr. Tadd Lazarus by personal service accepted by "J. Brown, Clerk" on December 23, 2005 at 10:00 a.m.".

However, as set forth herein, Dr. Lazarus was not employed at St. Clare's and did not maintain an office at St. Clare's at the time of the purported service on December 23, 2005, and Ms. Linda Brown, who accepted service of the Summons and Complaint for St. Clare's, did not and would not have accepted service of the Summons and Complaint, or any other document, upon Dr. Lazarus.

As such, plaintiff failed to comply with the requirements of service set forth in Federal Rule of Civil Procedure 4(e) and New York Civil Practice Law and Rules 308 (CPLR 308). This Court's authority to set aside an entry of default for "good cause shown" is set forth in Federal Rule of Civil Procedure 55(c).

## ARGUMENT

I. **DR. LAZARUS WAS NOT EMPLOYED AT ST. CLARE'S AND DID NOT MAINTAIN AN OFFICE AT ST. CLARE'S AT THE TIME OF SERVICE**

Since the inception of this lawsuit, counsel for St. Clare's has advised plaintiff and plaintiff's counsel[1] that Dr. Lazarus was not an employee of St. Clare's at the time that he was purportedly served with the Summons and Complaint.

In defense counsel for St. Clare's provided plaintiff's counsel with an Affidavit of John Hernandez, the Director of Human Resources at St. Clare's. That Affidavit is attached to the instant motion as EXHIBIT "D". In his Affidavit, Mr. Hernandez confirms that on December 23, 2005, the date of purported service, Dr. Lazarus was not an employee of St. Clare's, did not practice medicine at St. Clare's, and did not maintain an office at St. Clare's.

---

[1] At the inception of this lawsuit, plaintiff Jimmie Williams was *pro se*. Thereafter, on or about May 18, 2006, the law firm Simpson Thacher & Bartlett appeared as the attorneys for Mr. Williams on a *pro bono* basis.

3

Mr. Hernandez states in his Affidavit that Dr. Lazarus's last date of employment at St. Clare's was February 27, 1999. After February 27, 1999, Dr. Lazarus was not an employee of St. Clare's, did not practice medicine at St. Clare's, and did not maintain an office at St. Clare's. He further confirms that Dr. Lazarus was not employed by or working at St. Clare's in any capacity in 2005, or at any time after February 27, 1999.

As Dr. Lazarus was not employed at St. Clare's at the time of the purported service, and did not practice medicine or maintain a professional office at St. Clare's at the time of the purported service, plaintiff could not properly serve Dr. Lazarus at St. Clare's.

## II.  LINDA BROWN WAS NOT AUTHORIZED TO ACCEPT AND DID NOT ACCEPT FOR DR. LAZARUS ON DECEMBER 23, 2005

The Affidavit of Service and Clerk's Certificate indicate that a "J. Brown, Clerk" accepted service for Dr. Lazarus on December 23, 2005. This notation can only refer to Linda Brown, who is an Administrative Assistant for Administration at St. Clare's. Linda Brown, the individual who accepted service of the Summons and Complaint for St. Clare's on December 23, 2005, has signed an Affidavit, which is attached to the instant motion as EXHIBIT "E". This Affidavit was also provided to plaintiff's counsel prior to bringing the instant motion.

As set forth in the Affirmation of Linda Brown, on December 23, 2005, Linda Brown initialed two copies of a Summons and Complaint with her initials "LJB" and the time "9:56" in the lower right corner. Copies of the initialed summonses, which are maintained by St. Clare's, are attached to the instant motion as EXHIBIT "F".

In her affidavit, Linda Brown, under the penalty of perjury, states that it is her practice and responsibility to only accept and initial documents that are served upon St. Clare's. She is not authorized to accept service for a physician or other individual (apart from herself), as she

4

Case 1:05-cv-05909-HB   Document 30   Filed 02/16/2007   Page 8 of 10

does not have access to the employment information for physicians or other individuals at St. Clare's.

In her Affidavit, Linda Brown states as follows:

> In the event that a person advises me that a document is for service upon a doctor or other individual, I contact the attorneys in the Legal Department and do not accept service for that physician or individual. Based upon my review of the two copies of the Summons and Complaint that I initialed on 12/23/05, and based upon my custom and practice, as well as the directions given to me by my superiors, I would not have accepted service for Dr. Tadd Lazarus. Rather, I would have contacted the attorneys in the Legal Department. Based upon the fact that my signature appears on two copies of the Summons and Complaint, I can only conclude that the person handing them to me only told me that they were for service upon St. Clare's Hospital (now known as Saint Vincent's Midtown Hospital). For the reasons stated above, I would never have accepted service for Dr. Tadd Lazarus.

Ms. Brown further states: "If my initials on the Summons and Complaint have been interpreted as acceptance of service for Dr. Tadd Lazarus, it is an error."

In addition to the fact that Ms. Brown never would have accepted service for Dr. Lazarus, service upon Ms. Brown at St. Clare's does not constitute proper service upon Dr. Lazarus pursuant to the applicable federal and state rules regarding service of process.

### III. DR. LAZARUS WAS NEVER PROPERLY SERVED IN THIS ACTION AND A DEFAULT SHOULD NOT HAVE BEEN ENTERED AGAINST HIM

Federal Rule of Civil Procedure 4(e) dictates that service upon an individual defendant in an action may be effected either (1) pursuant to the rules applicable to state court actions, (2) by delivering a copy of the summons and complaint to the individual personally, or (3) by leaving copies at the individual's "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein", (4) or by delivering a copy to "an agent authorized by appointment or by law to receive service of process".

Dr. Lazarus was not personally served. Plaintiff does not claim to have personally delivered a copy of the summons and complaint to Dr. Lazarus, and there is no evidence of personal service upon Dr. Lazarus.

Dr. Lazarus was not served at his "dwelling house or usual place of abode", as he never resided at St. Clare's (415 West 51st Street, New York, NY 10019) and the person who purportedly accepted service (Ms. Linda Brown) also did not reside at St. Clare's.

As set forth below, Dr. Lazarus was not served by delivery of a summons and complaint to an authorized agent. First, Dr. Lazarus not employed at St. Clare's at the time of the purported service on December 23, 2005. Second, the individual noted on the Affidavit of Service as "J. Brown, Clerk" was Administrative Assistant Linda Brown, was not an authorized agent for Dr. Lazarus and did not accept service of a summons and complaint for Dr. Lazarus. Ms. Brown had absolutely no authority to accept service for Dr. Lazarus, a physician with no connection to St. Clare's for more than five years.

Dr. Lazarus was also not served in accordance with New York CPLR 308, which permits service upon a party by delivering the summons "to a person of suitable age and discretion at the actual place of business" and following that service by mail to the "actual place of business". As Dr. Lazarus was not employed at St. Clare's and did not practice medicine or maintain an office at St. Clare's, St. Clare's was not his "actual place of business". As of February 27, 1999, Dr. Lazarus had no connection to St. Clare's, business or otherwise.

Accordingly, plaintiff's purported service upon Dr. Lazarus by leaving a copy of a summons and complaint with an Administrative Assistant at St. Clare's, a hospital where Dr. Lazarus had not worked for over five years, cannot be construed as proper service upon Dr. Lazarus, under the applicable federal or state rules governing service of process.

6

Dr. Lazarus was never properly served in this action, as he was not an employee of St. Clare's Hospital on December 23, 2005, and St. Clare's Hospital was not his actual place of business. Dr. Lazarus's employment at St. Clare's Hospital terminated on February 27, 1999. As of February 27, 1999, Dr. Lazarus did not maintain an office at St. Clare's Hospital and he did not treat patients at St. Clare's Hospital.

## CONCLUSION

For all of the reasons set forth herein and in the supporting papers, a default should not have been entered against Dr. Lazarus, as he was never properly served in this action. As such, Federal Rule of Civil Procedure 55(c) authorizes this Court to set aside the entry of default against Dr. Lazarus for good cause shown. The good cause is to correct an error which has resulted in a default noted against a physician who was never given proper legal notice of a lawsuit against him, and who may suffer legal harm as a result of this error.

Accordingly, it is respectfully requested that the within motion to vacate the default be granted in its entirety, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 16, 2007

SILVERSON, PARERES & LOMBARDI, LLP

By_____/s/_____.
Victoria Lombardi, Esq. (VL-4722)
300 East 42nd Street
New York, New York 10017
T. (212) 557-1818
F. (212) 557-1336
Attorneys for Defendant, St. Clare's Hospital and
Health Center, n/k/a St. Vincent's Midtown Hospital

7