UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JIMMIE MECCYA WILLIAMS,

                 Plaintiff,

   vs.

TADD LAZARUS, M.D., P.C, ET Al. and
ST. CLARE'S HOSPITAL and HEALTH CENTER,

                 Defendants.
-------------------------------------------------------------x

Action No. **05 CV 5909**

**DECLARATION OF VICTORIA A. LOMBARDI, ESQ. IN SUPPORT OF THE MOTION TO VACATE THE DEFAULT AGAINST DR. LAZARUS**

Victoria A. Lombardi, Esq., an attorney duly admitted to practice before this Court, submits this declaration pursuant to 28 U.S.C §1746 and declares that the following is true and correct under the penalties of perjury:

1) I am a partner in the law firm of Silverson, Pareres & Lombardi, LLP attorneys for defendant, St. Clare's Hospital and Health Center, n/k/a St. Vincent's Midtown Hospital.

2) This declaration is respectfully submitted in support of the within motion to vacate the default of co-defendant Tadd Lazarus, M.D.

3) I have personal knowledge of the facts stated herein, and if called to testify as a witness, I could and would competently testify.

4) While the undersigned does not represent Dr. Lazarus, this motion is being made because the actions of an Administrative Assistant at St. Clare's have been misinterpreted as acceptance of service for Dr. Lazarus and have therefore negatively impacted this defendant, who has never appeared in this action, and who, upon information and belief, has never been properly served in this action.

5) Attached hereto as EXHIBIT "A" is a true and correct copy of the copy of the Summons and Complaint in this matter.

6) Attached hereto as EXHIBIT "B" is a true and correct copy of the Affidavit of Service, which was provided to my office by plaintiff's counsel.

7) Attached hereto as EXHIBIT "C" is a true and correct copy of the Clerk's Certificate noting the default of defendant Dr. Lazarus, which was provided to my office by plaintiff's counsel.

8) Attached hereto as EXHIBIT "D" is the Affidavit of John Hernandez, Director of Human Resources at St. Clare's Hospital and Health Center n/k/a/ St. Vincent's Midtown Hospital.

9) Attached hereto as EXHIBIT "E" is the Affidavit of Linda Brown, Administrative Assistant for Administration at St. Clare's Hospital and Health Center n/k/a/ St. Vincent's Midtown Hospital.

10) Attached hereto as EXHIBIT "F" are copies of the two initialed summonses, which are maintained by St. Clare's Hospital and Health Center n/k/a/ St. Vincent's Midtown Hospital, and which were reviewed by Linda Brown in connection with her Affidavit.

11) I and my associate Rachel H. Poritz, Esq. personally advised plaintiff and plaintiff's counsel throughout this litigation that Dr. Lazarus was not an employee of St. Clare's at the time that he was purportedly served with the Summons and Complaint.

12) Prior to the instant motion, an in an attempt to rectify this issue without burdening the Court, my firm provided plaintiff's counsel with copies of the Affidavits of John Hernandez and Linda Brown that have been submitted in support of the instant motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 16, 2007

_____/s/_____.
Victoria Lombardi (VL-4722)

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
NEW YORK

JIMMIE MECCYA WILLIAMS

                *Plaintiff,*

vs.

                              Civil Action No. _____

TADD LAZARUS, ET AL.
415 West Fifty-First Street
New York, New York 10019
and

ST. CLARE'S HOSPITAL AND HEALTH CENTER
415 West Fifty-First Street
New York, New York 10019

           *Defendants,*

## COMPLAINT

## MEDICAL MALPRACTICE, NEGLIGENCE, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff, Jimmie Meccya Williams, an individual, pro se, and for his Complaint against Defendants, *Tadd Lazarus, M.D., et at.,* and *St. Clare's Hospital and Health Center* states and alleges as follows:

1. Plaintiff Jimmie Meccya Williams (hereinafter "Williams"), is an individual residing in Huttonsville, West Virginia, in the County of Randolph.

2. Defendant Tadd Lazarus (hereinafter *"Lazarus"*), is a physician licensed in and by the State of New York. This defendant practices medicine in the State of New York and is a resident of the State of New York.

3. Defendant *St. Clare's Hospital and Health Center* (hereinafter "St. Clare") is a corporation organized under the laws of the State of New York, with its principal

1

place of business located in the City of New York. *St. Clare's* main offices are presumed to be 415 West Fifty-First Street. New York City.

4. The amount in controversy exceeds the sum or value of $50,000.00 exclusive of interest and cost.

5. Plaintiff is a citizen and resident of a different State than the defendants, and there exists complete diversity of citizenship.

6. Jurisdiction is invoked under 28 U.S.C. Section 1332(a). Venue exists in this district under 28 U.S.C. Section 1391(a)(1) and (2).

7. On or about the November 1996, *Williams* visited the Hospital, where the general practitioner is a party in this action, at which time a blood sample was taken to be tested for the Human Immunodeficiency Virus (hereinafter "HIV"). This blood sample was sent to and received by defendants *St. Clare* to be tested for HIV by an enzyme-linked immuno-sorbent assay (hereinafter "*ELISA*"). Defendant *St. Clare* accepted and undertook to test *Williams'* blood for the HIV Virus and owed duties to *Williams* to handle and test his blood sample in accordance with the standard of care reasonably required of a hospital engaged in the practice of handling and testing blood for HIV virus.

8. Defendant *St. Clare* breached its duties of care to *Williams* by negligently handling his blood sample and/or by negligently administering, recording and reporting the HIV test results. As a direct result of its negligence *St. Clare* erroneously determined and reported that Williams was HIV positive when in fact Williams was not infected with the HIV virus and never has been.

2

9. Approximately during the month of November, 1996 *Williams* visited *St. Clare's* Hospital at which time the defendant *St. Clare* took a new sample of blood for the purpose of testing it by the Western Blot method. *St. Clare* again breached its duties of care and treatment to *Williams* by negligently handling his blood sample and/or by negligently administering, recording and/or reporting the Western Blot test. As a direct result of its negligence, *St. Clare* again erroneously determined and reported that *Williams* was HIV positive.

10. During approximately November of 1996, defendant *St. Clare* negligently reported and caused notification to be given to *Williams* that he tested positive for HIV according to the defendant's *ELISA* testing. *St. Clare* understood, expected and knew that its HIV-positive test results would be communicated to Williams.

11. In November, 1996 *Williams* was informed that defendant *St. Clare* had determined and reported that he was infected with the HIV virus. *Williams* was then instructed by *St. Clare* that treatment should begin immediately, to personally maintain frequent visits to *St. Clare* to provide blood samples for testing to remain apprised of his HIV status through Western Blot test.

12. In November of 1996, defendant *St. Clare* negligently reported and caused notification to be given *Williams* test had been again tested positive for HIV according to the defendant's Western blot testing. *St. Clare* understood, expected and knew that its HIV-positive test result would be communicated to *Williams*.

13. Both of defendant *St. Clare's* HIV test result reports were erroneous as *Williams* is not and has never been HIV positive.

3

14. As a direct result of *St. Clare's* repeated negligence, *Williams* was led to believe that he was infected with the HIV virus and would die of AIDS. *Williams* has and will suffer substantial compensable general and special injuries and damages as a direct result of defendant's *St. Clare's* negligence. Defendant *St. Clare's* negligence directly and substantially contributed to causing *Williams* to believe for a number of years that he was HIV infected and would die from AIDS. In approximately early March, 2004 *Williams* discovered for the first time that he was not and had never been HIV positive and was not developing AIDS.

15. Defendant *Lazarus* currently practices at 415 West Fifty-First Street, New York, New York, 10019. Defendant *Lazarus* was *Williams'* doctor and continuously tested him from November 11, 1996 to August 15, 1997 at the defendant's various medical offices in the city of New York. During this doctor-patient relationship defendant *Lazarus* committed continuous and repeated acts of medical malpractice on *Williams*, causing and continuing to cause *Williams* substantial and compensable injuries and damages.

16. Since at least November 1996, defendant *Lazarus* has represented himself nationally to be a medical doctor with a specialty in the diagnosis, care and treatment of HIV and/or AIDS threatened or afflicted patients.

17. On November 11, 1996 *Williams* first visited *Lazarus'* offices in the City of New York and was treated by defendant *Lazarus* at that time. *Williams* consulted with Lazarus at that time in reliance on the fact that the defendant held himself out to the public as an HIV and AIDS medical practitioner and specialist. Defendant *Lazarus* undertook to act as *Williams'* doctor and *Williams* became the

4

defendant's patient from this first visit. The doctor-patient relationship continued through the next year. This relationship ended in August 15, 1997 when Williams moved out of New York, to spend what he thought would be his last days with his family, due to in jesting large amounts of toxic medications.

18. Defendant *Lazarus* was continuously and repeatedly negligent in his care and treatment of *Williams* from November 1996 through August 1997, including but not limited to the following particulars:

   a) negligently failing to use the required judgment and care in arriving at a diagnosis that *Williams* was infected with the HIV virus;

   b) negligently failing to test for the HIV virus in making an initial diagnosis;

   c) negligently failing to test for the HIV virus at any time during the years of treatment;

   d) negligently assuming that *Williams* was HIV positive throughout the years of treatment;

   e) negligently failing ever to make a diagnosis of *Williams'* HIV status;

   f) negligently prescribing and causing *Williams* to take numerous extremely toxic and harmful drugs designed to be used by Aids patients when in fact those drugs should not have been prescribed or recommended to *Williams*;

   g) negligently counseling, advising and informing *Williams* regarding his HIV status, the medications prescribed, appropriate testing and alternative treatments;

   h) negligently causing *Williams* to submit to numerous blood tests without ordering a basic test for the HIV virus to be done;

   i) negligently ignoring and/or failing to consider medical information and literature, including blood test results, his patient's history and other information regarding *Williams*, in caring for and treating Williams; and

   j) Negligently failing to determine that *Williams* was not HIV positive during the year period of treatment.

19. During *Williams'* initial visit to *Lazarus'* offices in November, 1996, defendant *Lazarus* caused samples of *Williams'* blood to be taken and he ordered and

5

caused various test to be performed on these samples. Defendant *Lazarus* breached his duties of care and treatment by negligently failing to order an HIV test of *Williams'* blood and negligently failing adequately to inquire as to *Williams'* medical or personal history. The HIV test was readily available to *Lazarus* and was comparatively inexpensive.

20. From on or about November, 1996, until approximately August, 1997, defendant *Lazarus* repeatedly breached his duties of care and treatment by ordering samples of *Williams'* blood to be taken and subjected to various test on over many separate occasions, but this defendant negligently failed to include an order that an HIV test of those samples be done.

21. From on or about November, 1996, until late August 1997 defendant *Lazarus* continuously and repeatedly breached his duties of care and treatment by negligently counseling, treating, prescribing and medicating *Williams* as an HIV positive patient, when, as *Lazarus* should have known but for his own negligence, *Williams* was HIV negative and was not developing AIDS.

22. From on or about November, 1996, until approximately late August 1997, defendant *Lazarus* continually breached his duties of care and treatment by negligently prescribing large doses of expensive and toxic AIDS related drugs for *Williams* when, as *Lazarus* should have known but for this own negligence, *Williams* was HIV negative and was not developing AIDS. During this period, *Lazarus* negligently and continuously directed *Williams* to ingest various combinations of HIV/AIDS medications on a daily basis. Under *Lazarus'* care and at his instructions, *Williams* took 14 to 26 pills per day in the early years of

treatment and approximately 31 pills per day by the time it was discovered by person other than *Lazarus* that *Williams* was not HIV positive. At *Lazarus'* directions *Williams* took these harmful drugs and he suffered painful side effects from them throughout the many years defendant *Lazarus* caused him to take them. The drugs prescribed by *Lazarus* included the most powerful HIV/AIDS drugs available, including some that not been officially approved by the food and Drug Administration. These drugs included Retrovir (AZT), Zovirax (Acyclovir), Hivid (Dideoxycytidine or "DDC"), and Zoloft (Sertraline). These drugs caused *Williams* constant debilitating physical, mental and emotional pain, including but not limited to persistent pains in the stomach, swollen stomach, joint pains, loss of use of his arm, persistent diarrhea, loss of sleep, physical and nervous distress, loss of feeling in his extremities and an external thrombosed hemorrhoid condition.

23. As a direct result of defendant's continuing negligence, *Williams* has suffered substantial compensable general and special damages, including medical expense.

24. As a direct result of defendant *Lazarus'* continuing negligence, *Williams* endured the financial cost. Additionally, *Williams* has incurred and will continue to incur medical costs for treatment and care resulting from *Lazarus'* negligence. *Williams'* financial damage from *Lazarus'* negligence, including loss of earning capacity and impairment of his ability to earn in the future.

25. As a direct result of defendant *Lazarus'* continuing negligence, *Williams* suffered physical damage and injury form *Lazarus'* intensive and reckless direction that

7

he took toxic and harmful drugs reserved for people suffering from AIDS and *Williams* continue to suffer such damages in the future.

26. As a direct result to defendant *Lazarus* negligence, *Williams* has suffered and continues to suffer severe mental and emotional pain and distress caused by *Lazarus'* long-time treatment of him as an HIV positive patient, from his years of constant medication prescribed by *Lazarus* and from his years of being led by *Lazarus* to believe that he would die of the painful death of an AIDS victim.

## COUNT ONE
### (Negligence/Malpractice-*Lazarus*)

28. Plaintiff realleges and incorporates by reference paragraphs 1-27 of this Complaint as though specifically set forth hereat.

29. Defendant Lazarus negligently breached the applicable standard of care and treatment he owed to his patient Williams throughout the period of time Lazarus was Williams' doctor.

30. Defendant Lazarus' negligence and malpractice directly and substantially caused injury and damage to Williams, including but not limited to compensable general damages and special damages, including but not limited to loss of earnings and past, present and future medical expenses.

## Count Two
### (Negligent Infliction of Emotional Distress- *Lazarus*)

8

31. Plaintiff realleges and incorporates by reference paragraphs 1-27 of this Complaint a though specifically set forth heart.

32. Defendant *Lazarus'* negligence directly and substantially physically impacted *Williams* by causing him to swallow toxic and harmful drugs resulting in physical damages, including but not limited to stomach pain, joint pain, depression, diarrhea, and liver damage.

33. Defendant Lazarus' negligence directly and substantially caused emotional distress and harm to *Williams* over the years *Williams* was being negligently treated by Lazarus, including but not limited to fear of AIDS, fear of death by AIDS, anxiety, humiliation, and depression.

## Count Three
### (Negligent Infliction of Emotion Distress-*St. Clare's*)

34. Plaintiff realleges and incorporates by reference paragraphs 1-17 of this complaint as though specifically set forth hereat.

35. Defendant St. Clare's owed duties of care and treatment to *Williams* in performing HIV testing on *Williams'* blood and negligently failed to meet the applicable standards of care. Defendant *St. Clare's* was negligent in testing Williams' Blood, including but not limited to the following particulars:

    a) Negligently determining that Williams was HIV positive;
    b) Negligently handling and testing the blood for HIV;
    c) Negligently administering the HIV tests;
    d) Negligently recording the results of the test; and
    e) Negligently reporting the results of the testing.

36. Defendant *St. Clare's* negligence directly an d substantially caused injury and damages to Williams, including but not limited to compensable general

9

damages and special damages, including but not limited to loss of earnings past, present and future medical expenses.

## Count Four
### (Negligent Infliction of Emotional Distress- *St. Clare's*)

37. Plaintiff realleges and incorporates by reference paragraphs 1-27 and paragraphs 34 through 36 of this Complaint as though specifically set for. hereat.

38. Defendant *St. Clare's* negligence directly and substantially placed *Williams* in a zone of danger, physically endangered him and directly and substantially caused the physical impact of the toxic drugs *Williams* has ingested. As a result, *Williams* has suffered and will suffer emotional distress and harm and physical and emotional damages resulting therefore.

**Wherefore,** Plaintiff, *Jimmie Meccya Williams*, prays for judgments against defendant *Lazarus* and defendant *St. Clare Hospital*, jointly and severally for damages in the amount of **THREE AND ONE-HALF MILLION DOLLARS (3,500.000.00)** and for such other amounts to which plaintiff may be entitled, but not limited to his costs and fees incurred herein.

Respectfully submitted,

Jimmie Meccya Williams
(Pro se)
Post Office Box One
Huttonsville, W.Va. 26273

10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF
# NEW YORK

JIMMIE MECCYA WILLIAMS
Plaintiff,

Vs.                                          Civil Action No_____

TADD LAZARUS, M.D., P.C., et al,
415 West Fifty-First Street
New York, New York 10009
                    Defendant,
And

ST.CLARE'S HOSPITAL AND HEALTH CENTER
415 West Fifty-First Street
New York, New York 10009

### DEMAND FOR TRIAL BY JURY

Pursuant to rule 39(b) of the Federal Rules of Civil Procedure, Plaintiff Jimmie

Meccya Williams, demands trial by jury for any issue[s] triable of right by a jury.

Respectfully submitted,

Jimmie Meccya Williams
Post Office Box One
Huttonsville, W.Va. 26273

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF
# NEW YORK

**JIMMIE MECCYA WILLIAMS**
*Plaintiff,*

vs.

Civil Action No. _____

**TADD LAZARUS, M.D. et.al.,**
415 West Fifty-First Street
New York, New York 10019

and

**St. Clare's Hospital and Health Center**
415 West Fifty-First Street
New York, New York 10019
*Defendants.*

## CERTIFICATE OF SERVICE

I, Jimmie Meccya Williams, do certify that I served the foregoing SUMMONS, under F.R.C.P. RULE 4;Complaint, (MEDICAL MALPRACTICE, NEGLIGENCE, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS); PLAINTIFF WILLIAMS' FIRST SET OF INTERROGATORIES, PLAINTIFF WILLIAMS; FIRST REQUEST FOR PRODUCTION OF DOCUMENTS directed to DEFENDANT, TADD LAZARUS, M.D., P.C., et al.; Complaint, (MALPRACTICE, NEGLIGENCE, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS); PLAINTIFF WILLIAMS' FIRST SET OF INTERROGATORIES, PLAINTIFF WILLIAMS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS; and DEMAND FOR JURY TRIAL, directed TO DEFENDANT ST. CLARE'S HOSPITAL AND HEALTH CENTER on my behalf on the below listed individuals on this 27th day of May, 2005, by mailing in the regular course of the United States Mail, postage prepaid, addressed as follows:

Tadd Lazarus, M.D., P.C.,
415 West Fifty-First Street
New York, New York  10009


St. Clare's Hospital and Health Center
415 West Fifty-First Street
New York, New York 10009


Respectfully submitted,

Jimmie Meccya Williams
(Pro se)
Post Office Box One
Huttonsville, W.Va. 26273

(Rev. 26/88) Summons in a Civil Action

# *United States District Court*

| SOUTHERN | **DISTRICT OF** | NEW YORK |
|---|---|---|

Jimmie Meccya Williams

**v.**

See Attached

Supplemental
## SUMMONS IN A CIVIL CASE

CASE NUMBER:

## 05 CV 5909

## JUDGE BAER

**TO:** (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

Pro se Jimmie Meccya Williams
Post Office Box One
Huttonsville, West Virginia 26273

An answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

CLERK

JUN 2 7 2005

DATE

TADD LAZARUS, ET AL.
415 West Fifty-First Street
New York, New York 10019
and

ST. CLARE'S HOSPITAL AND HEALTH CENTER
415 West Fifty-First Street
New York, New York    10019

*Defendants,*

# 05 № CV 5909

# JUDGE BAER

In the United States District
For the Southern District of
New York

---

Jimmie Meccya Williams, Plaintiff

vs.

Tadd Lazarus, M.D., P.C., et al.
And
St Clare's Hospital and Health Center

---

COMPLAINT
(Medical Malpractice, Negligence,
Negligent Infliction of Emotional
Distress); Interrogatories
and Production of Documents upon
Tadd Lazarus and St. Clare's Hospital
health center

---

Prepared and submitted by:

Jimmie Meccya Williams
Post Office Box One
Huttonsville, West Virginia 26273



EXHIBIT "B"

**U.S. Department of Justice**
**United States Marshals Service**

PROCESS ~~
See Instructions for ~~
on the reverse of this form

| | |
|---|---|
| PLAINTIFF  *Jimmie Meccya Williams* | COURT CASE NUMBER  *05CV5909 (HB)* |
| DEFENDANT  *Dr. Tadd Lazarus, et al.* | TYPE OF PROCESS  *Summons/Complaint* |

| SERVE | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| ➤ | *Dr. Tadd Lazarus, St. Clares Hospital & Health Center* |
| AT | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)  *415 West 51st., New York, NY 10019* |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

*Jimmie Meccya Williams*
*P.O. Box*
*Hortonsville, West Virginia 26273*

| | |
|---|---|
| Number of process to be served with this Form - 285 | *1* |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

*USM 16*

RECEIVED 2005 OCT -2 PM 3:15

Signature of Attorney or other Originator requesting service on behalf of:    ☒ PLAINTIFF    ☐ DEFENDANT

TELEPHONE NUMBER  *212-805-0175*    DATE  *9/2/05*

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process  *Pr* | District of Origin  No. *54* | District to Serve  No. *54* | Signature of Authorized USMS Deputy or Clerk  *JB aerga* | Date  *9/2/05* |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above)  *J. Brown        Clerk* | ☒ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service  *12-23-05*    Time  *10:00*  ☒ am  ☐ pm |
| | Signature of U.S. Marshal or Deputy  *JK #9530* |

| Service Fee  *53.00* | Total Mileage Charges (including endeavors)  *4.31* | Forwarding Fee | Total Charges  *57.31* | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS: *Sent out mail service 9/8/05, no reply*
*Set up per/service 10/13/05*        *09-01V*

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JIMMIE MECCYA WILLIAMS,

                                Plaintiff,      05 Civ. 5909 (HB)

**CLERK'S CERTIFICATE**

              - against -

TADD LAZARUS, M.D., P.C., ET AL. and ST.
CLARE'S HOSPITAL AND HEALTH CENTER,
                                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the

Southern District of New York, do hereby certify that this action commenced on June 27, 2005

with the filing of a summons and complaint, a copy of the summons and complaint was served on

Dr. Tadd Lazarus by personal service accepted by "J. Brown, Clerk" on December 23, 2005 at

10:00 a.m., and proof of such service thereof was filed on January 26, 2006.

        I further certify that the docket entries indicate that the defendant has not filed an

answer or otherwise moved with respect to the complaint herein.  The default of the defendant is

hereby noted.

Dated: _Oct 6, 2006_
      New York, New York

                                  **J. MICHAEL MCMAHON**
                                  Clerk of the Court

                By:                              
                                    Deputy Clerk

EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JIMMIE MECCYA WILLIAMS,

                     Plaintiff,

        vs.

TADD LAZARUS, M.D., P.C, ET AL. and
ST. CLARE'S HOSPITAL and HEALTH CENTER,

                  Defendants.
------------------------------------------------------------x

Action No. **05 CV 5909**

**AFFIDAVIT**

STATE OF NEW YORK)
               ss:
COUNTY OF NEW YORK)

     **JOHN HERNANDEZ,** being duly sworn, deposes and says, under penalty of perjury:

     1)     I am the Director of Human resources employed by Saint Vincent's Midtown Hospital f/k/a St. Clare's Hospital.  As such, I have personal knowledge of the dates of employment for Dr. Tadd Lazarus.

     2)     I have reviewed the information maintained by my office regarding the employment of Dr. Tadd Lazarus.  Based upon my review, Dr. Lazarus's last date of employment at Saint Vincent's Midtown Hospital f/k/a St. Clare's Hospital was February 27, 1999.

     3)     After February 27, 1999, Dr. Lazarus was not an employee of Saint Vincent's Midtown Hospital f/k/a St. Clare's Hospital, did not practice medicine at Saint Vincent's Midtown Hospital f/k/a St. Clare's Hospital, and did not maintain an office at Saint Vincent's Midtown Hospital f/k/a St. Clare's Hospital.

4)    Dr. Lazarus was not employed by or working at Saint Vincent's Midtown

Hospital f/k/a St. Clare's Hospital in any capacity in 2005, or at any time after February 27,

1999.

Dated: New York, New York
         January 12, 2007

_____

**JOHN HERNANDEZ**

Sworn to before me this 12th
day of January 2007.

Stephen James Sugrue, Esq.
Notary Public, State of New York
No. 02SU6122679
Qualified in Westchester County
Commission Expires February 22, 2009

Notary Public

EXHIBIT "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JIMMIE MECCYA WILLIAMS,

                 Plaintiff,

       vs.

TADD LAZARUS, M.D., P.C, ET AL. and
ST. CLARE'S HOSPITAL and HEALTH CENTER,

                 Defendants.
--------------------------------------------------------------x

Action No. **05 CV 5909**

**AFFIDAVIT**

STATE OF NEW YORK)
                ss:
COUNTY OF NEW YORK)

**LINDA BROWN**, being duly sworn, deposes and says, under penalty of perjury:

1)     I am an Administrative Assistant for Administration employed by Saint Vincent's Midtown Hospital f/k/a St. Clare's Hospital.  I was also employed in that capacity on December 23, 2005.

2)     I have reviewed the two copies of the Summons and Complaint bearing my initials "LJB", the date 12/23/05, and the time 9:56 in the lower right corner of two copies of the Summons and Complaint in the above captioned case.

3)     It is my practice and responsibility to only accept and initial documents that are served upon Saint Vincent's Midtown Hospital f/k/a St. Clare's Hospital.  I am not authorized to accept service for a physician or other individual (apart from myself), as I do not have access to the employment information for physicians or other individuals at Saint Vincent's Midtown Hospital f/k/a St. Clare's Hospital.

4)      In the event that a person advises me that a document is for service upon a doctor or other individual, I contact the attorneys in the Legal Department and do not accept service for that physician or individual.

5)      Based upon my review of the two copies of the Summons and Complaint that I initialed on 12/23/05, and based upon my custom and practice, as well as the directions given to me by my superiors, I would not have accepted service for Dr. Tadd Lazarus. Rather, I would have contacted the attorneys in the Legal Department.

6)      Based upon the fact that my signature appears on two copies of the Summons and Complaint, I can only conclude that the person handing them to me only told me that they were for service upon St. Clare's Hospital (now known as Saint Vincent's Midtown Hospital).  For the reasons stated above, I would never have accepted service for Dr. Tadd Lazarus.

7)      If my initials on the Summons and Complaint have been interpreted as acceptance of service for Dr. Tadd Lazarus, it is an error.


Dated:  New York, New York
        January 12, 2007


_Linda Brown_
**LINDA BROWN**


Sworn to before me this 12th
day of January 2007.

Stephen James Sugrue, Esq.
Notary Public, State of New York
No. 02SU6122679
Qualified in Westchester County
Commission Expires February 22, 2009
Notary Public

2

EXHIBIT "F"

v. 2/5/98) Summons in a Civil Action

# United States District Court

| SOUTHERN | **DISTRICT OF** | NEW YORK |

Jimmie Meccya Williams

Supplemental
## SUMMONS IN A CIVIL CASE

**v.**

CASE NUMBER

**05 CV 5909**

See Attached

**JUDGE BAER**

**TO:** (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

Pro se Jimmie Meccya Williams
Post Office Box One
Huttonsville, West Virginia 26273

n answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons
on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
e complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

JUN 2 7 2005

ERK

DATE

Y) DEPUTY CLERK

# United States District Court

SOUTHERN     **DISTRICT OF**     NEW YORK

Jimmie Meccya Williams

**v.**

See Attached

Supplemental
**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

## 05 CV 5909

## JUDGE BAER

**TO:** (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

Pro se Jimmie Meccya Williams
Post Office Box One
Huttonsville, West Virginia 26273

1 answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons
on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
e complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

JUN 2 7 2005

.ERK

DATE

Y) DEPUTY CLERK