UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
| | : | |
|---|---|---|
| JIMMIE MECCYA WILLIAMS, | : | |
| | : | Case No.: 05 Civ. 5909 (HB) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| TADD LAZARUS, M.D., P.C., ET AL. | : | |
| | : | |
| and | : | |
| | : | |
| ST CLARE'S HOSPITAL AND HEALTH CENTER, | : | |
| | : | |
| Defendants. | : | |
| | : | |

-----------------------------------------------------------------x

**PLAINTIFF JIMMIE MECCYA WILLIAMS' OPPOSITION TO DEFENDANT ST. CLARE'S HOSPITAL AND HEALTH CENTER'S MOTION TO VACATE THE DEFAULT DULY ENTERED AGAINST THE <u>DEFENDANT TADD LAZARUS, M.D.</u>**

SIMPSON THACHER & BARTLETT LLP

Paul C. Gluckow (PG-0159)
Joshua R. Geller (JG-0187)
Emma Lindsay (EL-0604)

425 Lexington Avenue
New York, NY 10017-3954
Telephone:  (212) 455-2000
Facsimile:   (212) 455-2502

Attorneys for Plaintiff

Plaintiff Jimmie Meccya Williams ("Williams"), by and through his attorneys, Simpson Thacher & Bartlett LLP, respectfully submits this memorandum of law in opposition to Defendant St. Clare's Hospital and Health Center's ("St. Clare's") Motion to vacate the default entered against the non-appearing Defendant Tadd Lazarus, M.D. ("Lazarus").

## PRELIMINARY STATEMENT

On December 23, 2005, the United States Marshals Service served the Summons and Complaint on Lazarus. Thereafter, Lazarus failed to appear, plead or otherwise seek to defend the action. On October 6, 2006, the Clerk of Court duly entered Lazarus' default. Neither St. Clare's nor St. Clare's counsel, Silverson, Pareres & Lombardi LLP (the "Silverson Firm"), has standing to challenge the default entered against Lazarus. Indeed, they concede in the motion to vacate that they have no standing to challenge the duly-entered default. Accordingly, the motion to vacate the default should be denied.

## BACKGROUND

Williams, acting *pro se*, commenced this action on or about June 27, 2005, by filing his Verified Complaint with the Clerk of the Court. On August 22, 2005, the Court ordered the Clerk of the Court to cause the United States Marshals Service to serve the Summons and Complaint on the Defendants. Thereafter, on December 23, 2005, the United States Marshals Service executed service on Defendants St. Clare's and Lazarus and filed proof of service[1] with this Court on January 26, 2006. St. Clare's timely filed an answer on its own behalf. With full knowledge of the receipt by them of a copy of the Summons and Complaint

---

[1] USM-285, entitled "Process Receipt and Return," is the form utilized by the Marshals Service in effectuating service of process. *See* United States Marshals Service website, available at http://www.usmarshals.gov/process/index.html (last visited Feb. 27, 2007).

directed to Lazarus, St. Clare's failed to appear on Lazarus' behalf, otherwise challenge the service upon him or file an answer on his behalf.

Williams requested that the Clerk of the Court enter default against Lazarus, and default was accordingly entered on October 6, 2006.

Over four months later and on the eve of trial, on February 16, 2007, St. Clare's moved this Court to set aside the entry of default against Lazarus.

## ARGUMENT

### I. NEITHER THE SILVERSON FIRM NOR ST. CLARE'S HAS STANDING TO CHALLENGE THE DEFAULT DULY ENTERED AGAINST LAZARUS

In *Schmid, Inc. v. Zucker's Gifts, Inc.*, 766 F. Supp. 118, 123 (S.D.N.Y. 1991), this Court held than an attorney representing one defendant did not have standing to challenge default proceedings against other defendants. The Silverson Firm specifically states in its moving papers that it does not represent Lazarus. *See* Mem. of Law at 1; Decl. of Victoria A. Lombardi, Esq. at ¶ 4. Because the Silverson Firm represents only Defendant St. Clare's, it has no standing to challenge default proceedings against Lazarus. *Schmid*, 766 F. Supp. at 123.

Nor does St. Clare's have standing to challenge the default entered against Lazarus. In *Ruiz v. Weiler & Co.*, No. 92 C 5838, 1995 U.S. Dist. LEXIS 581 (N.D. Ill. Jan. 20, 1995), the Court held that absent any indication that one party is authorized to speak on behalf of another party, a court has no reason to accept one party's implicit claim that it has standing to challenge a motion to find another party in default. *Id.* at *2. Indeed, neither St. Clare's nor the Silverson Firm cites any authority suggesting that they have standing to challenge the default entered against Lazarus.

**II.    ST. CLARE'S SHOULD NOT BE ALLOWED TO "SANDBAG" PLAINTIFF WITH ITS UNTIMELY MOTION**

St. Clare's has been aware that Lazarus was served with process from the time it accepted service on his behalf on December 23, 2005. When proof of service was entered on the docket on January 26, 2006, St. Clare's took no action concerning Lazarus. When the Clerk entered default against Lazarus on October 26, 2006, St. Clare's still failed to take action.[2]

Now, on the eve of trial, without legal standing to do so, St. Clare's is attempting to spring its arguments on the Plaintiff at the last minute, after sitting on them for over a year. Plaintiff respectfully urges this Court not to countenance such tactics.

---

[2]   Indeed, St. Clare's has admitted in its discovery responses that it has had no contact whatsoever with Lazarus concerning the above-captioned lawsuit. *See* St. Clare's Response to Plaintiff's Third Request for Production of Documents, at ¶ 6, attached as Exhibit A to Declaration of Joshua R. Geller, Esq., in Support of Plaintiff's Opposition to St. Clare's Motion to Vacate the Default Duly Entered Against The Defendant Tadd Lazarus, M.D. *See also* Affirmation of Thomas F. Hoering, Esq., at ¶ 7, appended to St. Clare's Response to Plaintiff's Third Request for Production of Documents.

3

## CONCLUSION

Plaintiff respectfully requests that this Court deny St. Clare's Motion to Vacate the default duly entered against Lazarus.

Dated: New York, New York
February 27, 2007

SIMPSON THACHER & BARTLETT LLP

By: _____/s/_____
Paul C. Gluckow (PG-0159)
Joshua R. Geller (JG-0187)
Emma Lindsay (EL-0604)

425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Attorneys for Plaintiff