UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

JIMMIE MECCYA WILLIAMS,

                       Plaintiff,

        vs.

TADD LAZARUS, M.D., P.C., ET AL.

        and

ST CLARE'S HOSPITAL AND HEALTH
CENTER,

                Defendants.

: Case No.: 05 Civ. 5909 (HB)

-------------------------------------------------------------x

## DECLARATION OF JOSHUA R. GELLER, ESQ., IN SUPPORT OF PLAINTIFF JIMMIE MECCYA WILLIAMS' OPPOSITION TO DEFENDANT ST. CLARE'S HOSPITAL AND HEALTH CENTER'S MOTION TO VACATE THE DEFAULT DULY ENTERED AGAINST THE DEFENDANT TADD LAZARUS, M.D.

        I, Joshua R. Geller, submit this declaration pursuant to 28 U.S.C. § 1746 and declare as follows:

        1.      I am an associate of the law firm Simpson Thacher & Bartlett LLP, counsel for Plaintiff Jimmie Meccya Williams in the above-captioned action. I make this declaration in support of Plaintiff's Opposition to Defendant St. Clare's Hospital and Health Center's Motion to Vacate the Default Duly Entered Against the Defendant Tadd Lazarus, M.D.

1

I have personal knowledge of the facts stated herein, and, if called to testify as a witness, I could and would testify competently thereto.

     2.    Attached hereto as Exhibit A is a true and correct copy of Defendant St. Clare's Hospital and Health Center's Responses to Plaintiff's Third Demand for Production of Documents.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2007

Joshua R. Geller

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JIMMIE MECCYA WILLIAMS,

                      Plaintiff,

        vs.

TADD LAZARUS, M.D., P.C, ET Al. and
ST. CLARE'S HOSPITAL and HEALTH CENTER,

                      Defendants.
------------------------------------------------------------x

Action No. **05 CV 5909**

**DEFENDANT'S RESPONSES
TO PLAINTIFF'S THIRD DEMAND
<u>FOR PRODUCTION OF DOCUMENTS</u>**

Defendant **ST. CLARE'S HOSPITAL and HEALTH CENTER**, n/k/a **ST. VINCENT'S MIDTOWN HOSPITAL** (hereinafter referred to as "St. Clare's Hospital" and "St. Vincent's Midtown Hospital" interchangeably and indicating the same entity), by its attorneys SILVERSON, PARERES & LOMBARDI, LLP, hereby responds to the plaintiff's Third Request for Production of Documents, dated January 30, 2007, as follows, including the attached Affirmation of Thomas F. Hoering, Esq. dated February 5, 2007, and reserves the right to supplement these responses at any time:

    1)      In response to demand #1 for "all documents contained in the personnel, employment and/or human resources files of St. Clare's relating to Dr. Lazarus", defendant objects to said demand because it seeks information that is irrelevant, privileged, confidential and non-discoverable pursuant to Education Law §5627 and Public Health Law §§2805-j, 2805-k, and 2805-m, as the information was obtained and maintained as part of the hospital's quality assessment and review process in compliance with the Public Health Law. Furthermore, said request is overbroad and seeks information that is palpably irrelevant, as there is no evidence that Dr. Lazarus rendered medical treatment to the plaintiff or established a physician-patient relationship with the plaintiff. To the extent that you are entitled to documents containing information pertaining to the incident at issue or

any incidents of a similar nature to the one at issue, see response #4 below.

2)     In response to demand #1 for employment contracts or other documentation governing the employment relationship between Dr. Lazarus and St. Clare's Hospital for the period November 1, 1996 through the present, please be advised that St. Vincent's Midtown Hospital is not in possession of any documents responsive to this demand.  Please see attached Affirmation of Thomas F. Hoering, Esq. dated February 5, 2007.  As previously advised in the affidavit of John Hernandez, the Director of Human Resources, dated January 12, 2007, Dr. Lazarus was an employee of St. Clare's Hospital during the relevant period of time until February 27, 1999, at which time his employment terminated.

3)     In response to demand #1 for "all documents concerning the respective rights and obligations of Dr. Lazarus and St. Clare's in the event of a lawsuit against Dr. Lazarus arising out of, during or in connection with his employment by St. Clare's", please be advised that St. Vincent's Midtown Hospital is not in possession of any documents responsive to this demand.  Please see attached Affirmation of Thomas F. Hoering, Esq. dated February 5, 2007.  Please be advised that the rights and obligations of a hospital with respect to its employed physicians are set forth in the relevant case law in New York, which dictates that under certain circumstances, a hospital is vicariously liable for the actions or inactions of its employed physicians.  Of note, there is no evidence in the instant case that Dr. Lazarus rendered medical treatment to the plaintiff or established a physician-patient relationship with the plaintiff.  Nevertheless, as previously advised, Dr. Lazarus was an employee of St. Clare's Hospital during the relevant period of time until February 27, 1999, at which time his employment terminated.

4)     In response to demand #2 for "documents concerning any complaints, lawsuits, action[s] or claims asserted against Dr. Lazarus concerning the actual or alleged mishandling, mislabeling, or misidentification of blood samples or laboratory test results, whether by Dr. Lazarus

himself or by others under the supervision of Dr. Lazarus", please be advised that St. Vincent's Midtown Hospital is not in possession of any documents responsive to this demand. Please see attached Affirmation of Thomas F. Hoering, Esq. dated February 5, 2007. Defendant St. Vincent's Midtown Hospital is in possession of copies of the pleadings in the above captioned action. Please be further advised that defendant St. Vincent's Midtown Hospital is not in possession of any accident or incident reports or complaints referable to plaintiff Jimmie Williams apart from the pleadings in the above captioned action.

5)    In response to demand #3 for "all documents concerning communications between St. Clare's and Medical Liability Mutual Insurance Company concerning the above-captioned lawsuit", defendant objects to said demand as it is overbroad, unduly burdensome, palpably irrelevant, and seeks privileged communications between the hospital and its insurance carrier and said demand improperly seeks materials prepared for litigation. A statement made by a party to its own insurer is not discoverable. Furthermore, there is no relevance to this demand, as there is no issue with respect to insurance coverage, and documentation has previously been provided regarding the insurance information in this case.

6)    In response to demand #4 for "all documents concerning communications between St. Clare's and Dr. Lazarus concerning the above-captioned lawsuit", please be advised that St. Vincent's Midtown Hospital is not in possession of any documents responsive to this demand. Please see attached Affirmation of Thomas F. Hoering, Esq. dated February 5, 2007. However, said documentation, if it did exist, would constitute material prepared for litigation and is therefore privileged and not discoverable.

**PLEASE BE ADVISED** that defendant specifically reserves the right to supplement these

responses at any time up to trial.

Dated: New York, New York
February 7, 2007

SILVERSON, PARERES & LOMBARDI LLP

BY: _____

Rachel H. Poritz, Esq.

Attorneys for Defendant
**ST. CLARE'S HOSPITAL and HEALTH CENTER, n/k/a ST. VINCENT'S MIDTOWN HOSPITAL**
300 East 42nd Street, 5th Fl.
New York, New York 10017
212-557-1818

TO:    Joshua R. Geller, Esq.
       Simpson Thacher & Bartlett LLP
       Attorneys for Plaintiff
       425 Lexington Avenue
       New York, New York  10017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JIMMIE MECCYA WILLIAMS,

              Action No. **05 CV 5909**

        Plaintiff,

      vs.                                   **AFFIRMATION**

TADD LAZARUS, M.D., P.C, ET Al. and
ST. CLARE'S HOSPITAL and HEALTH CENTER,

        Defendants.
-------------------------------------------------------------------x

      **THOMAS F. HOERING, ESQ.**, an attorney duly admitted to practice law in the Courts of the State of New York affirms that following statements to be true under the penalties of perjury:

      1.   I am General Counsel and Vice President of Legal Affairs at St. Clare's Hospital and Health Center, n/k/a St. Vincent's Midtown Hospital (hereinafter referred to as "St. Vincent's Midtown Hospital"), and I have personal knowledge of the facts set forth herein. All statements made herein pertain to both St. Vincent's Midtown Hospital and St. Clare's Hospital and Health Center.

      2.   I have reviewed plaintiff's Third Request for Production of Documents, dated January 30, 2007, as well as the relevant files and documents maintained by St. Vincent's Midtown Hospital necessary to respond to plaintiff's Third Request for Production of Documents. This Affidavit has been prepared in response to plaintiff's Third Request for Production of Documents, dated January 30, 2007.

      3.   With respect to plaintiff's demand for "all documents contained in the personnel, employment and/or human resources files of St. Clare's relating to Dr. Lazarus", that documentation is maintained for quality assurance and peer review functions of the hospital, and as such, is privileged and confidential.

4.  With respect to plaintiff's demand for employment contracts or other documentation governing the employment relationship between Dr. Lazarus and St. Clare's Hospital for the period November 1, 1996 through the present, please be advised that St. Vincent's Midtown Hospital does not possess any documents responsive to this demand.

5.  With respect to plaintiff's demand for "all documents concerning the respective rights and obligations of Dr. Lazarus and St. Clare's in the event of a lawsuit against Dr. Lazarus arising out of, during or in connection with his employment by St. Clare's", please be advised that St. Vincent's Midtown Hospital does not possess any documents responsive to this demand.

6.  With respect to plaintiff's demand for "documents concerning any complaints, lawsuits, action[s] or claims asserted against Dr. Lazarus concerning the actual or alleged mishandling, mislabeling, or misidentification of blood samples or laboratory test results, whether by Dr. Lazarus himself or by others under the supervision of Dr. Lazarus", please be advised that St. Vincent's Midtown Hospital does not possess any documents responsive to this demand.  In addition, St. Vincent's Midtown Hospital does not possess any accident or incident reports or complaints referable to plaintiff Jimmie Williams, apart from the pleadings in the above captioned action. Defendant St. Vincent's Midtown Hospital maintains copies of the pleadings in the above captioned action.

7.  With respect to plaintiff's demand for "all documents concerning communications between St. Clare's and Dr. Lazarus concerning the above-captioned lawsuit", please be advised that St. Vincent's Midtown Hospital does not possess any documents responsive to this demand.

Dated:    New York, New York
          February 5, 2007

                                          _____
                                          Thomas F. Hoering, Esq.

ALL STATE LEGAL®
07181 BF • 07182 BL • 07183-GY • 07184 WH
800.222.0510 www.aslegal.com

*Index No.* 05 CV 5909 (HB) (DF) *Year 20*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMIE MECCYA WILLIAMS,

                              Plaintiff,
            -against-

TADD LAZARUS, M.D., P.C., et al. and
ST. CLARE'S HOSPITAL AND HEALTH CENTER

                    Defendants.

**DEFENDANT'S RESPONSES TO PLAINTIFF'S THIRD DEMAND FOR PRODUCTION OF DOCUMENTS**

**SILVERSON, PARERES & LOMBARDI LLP**
*Attorneys for* Defendant, ST. CLARE'S HOSPITAL and HEALTH CENTER
n/k/a ST. VINCENT'S MIDTOWN HOSPITAL
300 EAST 42ND STREET
NEW YORK, NEW YORK 10017
(212) 557-1818

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ............................................     Signature ...........................................................................................................

                                          Print Signer's Name ............................................................................................

*Service of a copy of the within*                                                *is hereby admitted.*

*Dated:*

                                          ...........................................................................................................

                              *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐    *that the within is a (certified) true copy of a*
NOTICE OF    *entered in the office of the clerk of the within named Court on*                          *20*
ENTRY

☐    *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF    *Hon.*                                          *one of the judges of the within named Court,*
SETTLEMENT    *at*
      *on*                          *20*        *, at*            *M.*

*Dated:*                                          **SILVERSON, PARERES & LOMBARDI LLP**
                    *Attorneys for*

                                          300 EAST 42ND STREET
                                          NEW YORK, NEW YORK 10017
                                          (212) 557-1818