UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JIMMIE MECCYA WILLIAMS,

                Plaintiff,

          vs.

TADD LAZARUS, M.D., P.C, ET Al. and
ST. CLARE'S HOSPITAL and HEALTH CENTER,

                Defendants.
-------------------------------------------------------------x

Action No. 05 CV 5909 (HB)


**DEFENDANT ST. CLARE'S HOSPITAL AND HEALTH CENTER'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
<u>ANY REFERENCE TO OR EVIDENCE OF PLAINTIFF'S CRIMINAL CONVICTIONS</u>**


SILVERSON, PARERES & LOMBARDI, LLP

Victoria Lombardi, Esq. (VL-4722)
Rachel H. Poritz, Esq. (RP-7320)

300 East 42nd Street
New York, New York 10017
T. (212) 557-1818
F. (212) 557-1336

Attorneys for Defendant, St. Clare's Hospital and
Health Center, n/k/a St. Vincent's Midtown
Hospital

<u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT .............................................................................1

ARGUMENT.....................................................................................................2

I.    EVIDENCE OF PLAINTIFF'S CRIMINAL CONVICTION FOR WELFARE
      FRAUD IS RELEVANT AND PROBATIVE TO THE CLAIMS IN THIS
      ACTION ................................................................................................2

      A.  Plaintiff's Conviction for Welfare Fraud is Relevant, Probative, and
          Admissible For Impeachment and Credibility Purposes Under Federal
          Rule of Evidence 609...................................................................2

      B.  Plaintiff's Conviction for Welfare Fraud is Relevant, Probative, and
          Admissible on the Issue of Culpable Conduct ...................................6

      C.  Plaintiff's Conviction for Welfare Fraud is Relevant, Probative, and
          Admissible For Assessment of Damages............................................8

      D.  Federal Rule of Evidence 609(b) Does Not Preclude Admission of
          Plaintiff's 1993 Fraud Conviction Based Upon its Age ......................9

CONCLUSION...................................................................................................13

TABLE OF AUTHORITIES

Cases

Bruni v. City of New York,
    2 N.Y.3d 319, 778 N.Y.S.2d 757 (2004) .......................................................................8

Brundidge v. City of Buffalo,.
    79 F.Supp.2d 219 (W.D.N.Y. 1999) .......................................................................9, 10

Daniels v. Loizzo,
    986 F. Supp. 245 (S.D.N.Y. 1997)..........................................................2, 3, 8, 9, 10

Dunn v. Catholic Medical Center of Brooklyn and Queens, Inc.,
    55 A.D.2d 597, 389 N.Y.S.2d 123 (2d Dept 1976) .................................................7, 8

Fletcher v. City of New York,
    54 F. Supp. 328 (S.D.N.Y. 1999)..............................................................................2

Gallo v. Linkow,
    255 A.D.2d 113, 679 N.Y.S.2d 377 (1st Dept. 1998).................................................7

Haynes v. Kanaitis,
    2004 WL 717115 (D. Conn. March 3, 2004)...........................................................2, 3

Jones v. City of New York,
    2002 WL 207008 (S.D.N.Y. February 11, 2002) ........................................................2

Jones v. New York City Health & Hosp. Corp.,
    2003 WL 21289653 (S.D.N.Y. June 0, 2003) ............................................................3

Ogle v. State of New York,
    191 A.D.2d 878, 594 N.Y.S.2d 824 (3rd Dept. 1993) ..................................................7

Pagnucco v. Pan American World Airways, Inc.,
    37 F.3d 804 (2d Cir. 1994)........................................................................................8

Stone v. C. R. Bard, Inc.,
    2003 WL 22902564 (S.D.N.Y. 2003).........................................................................3

United States v. Palumbo,
    401 F.2d 270 (2d Cir. 1968)....................................................................................10

U.S. v. Payton,
    159 F.3d 49 (2d Cir. 1998)..................................................................3, 4, 7, 9, 10

U.S. v. Nachamie,
    101 F. Supp.2d 134 (S.D.N.Y. 2000)................................................................3

Wright v. Aargo Security Services, Inc.,
    2001 WL 1035139 (S.D.N.Y. September 7, 2001)........................................2, 6

Zinman v. Black & Decker (U.S.) Inc.,
    983 F.3d 431 (2d Cir. 1993)..........................................................3, 8, 10, 12


Statutes

Federal Rule of Evidence 609...................................................................1, 2, 3, 4, 6, 9

Federal Rule of Evidence 608.................................................................................2, 6, 12

Federal Rule of Evidence 403.....................................................................................2, 3


Secondary Sources

4 Weinstein's Federal Evidence §609.04[3][a], at 609-36 (1997)...............................2

Defendant St. Clare's Hospital and Health Center, n/k/a St. Vincent's Midtown Hospital (hereinafter "St. Clare's"), by its attorneys Silverson Pareres & Lombardi, respectfully submits this Memorandum of Law in opposition to plaintiff's Motion in Limine to exclude any reference to or evidence of plaintiff's criminal convictions and bad acts.

## PRELIMINARY STATEMENT

Plaintiff's 1993 conviction for welfare fraud is highly probative and relevant on the issue of plaintiff's credibility, the veracity of his testimony, and his character for truthfulness or untruthfulness, in accordance with the Federal Rules of Evidence. Plaintiff's credibility and character for truthfulness or untruthfulness is central to this lawsuit. The fraud conviction is also relevant to the jury's assessment of damages, if any, regarding plaintiff's claims of emotional distress, pursuant to the applicable New York State case law. As demonstrated herein, evidence of the fraud conviction is admissible under Federal Rule of Evidence 609. Moreover, any potential prejudice is outweighed by the probative value of this evidence.

Of specific note is that plaintiff has not asserted any objection whatsoever to the introduction of evidence that plaintiff was incarcerated in prison and the dates of said incarcerations. In fact, much of plaintiff's medical care and treatment, both before and after the alleged negligence, occurred in prison health clinics and facilities. As such, there is no dispute that plaintiff's multiple incarcerations are relevant, probative, and admissible.

Defendant St. Clare's does not oppose plaintiff's motion with respect to the admission of plaintiff's post-July 1999 conviction for abduction and sexual assault and the evidence of parole violations or other "bad acts".

1

## ARGUMENT

I. **EVIDENCE OF PLAINTIFF'S CRIMINAL CONVICTION FOR WELFARE FRAUD IS RELEVANT AND PROBATIVE TO THE CLAIMS IN THIS ACTION**

A. **Plaintiff's Conviction for Welfare Fraud is Relevant, Probative, and Admissible For Impeachment and Credibility Purposes Under Federal Rule of Evidence 609**

Federal Rule of Evidence 609 governs the admissibility of criminal convictions for impeachment purposes in a civil lawsuit, i.e., evaluate a witness' truthfulness and to show that the witness cannot be trusted to tell the truth. Jones v. City of New York, 2002 WL 207008 (S.D.N.Y. February 11, 2002); Wright v. Aargo Security Services, Inc., 2001 WL 1035139 (S.D.N.Y. September 7, 2001); Daniels v. Loizzo, 986 F. Supp. 245, 249 (S.D.N.Y. 1997); 4 Weinstein's Federal Evidence §609.04[3][a], at 609-36 (1997).  In accord, Federal Rule of Evidence 608 specifically permits the credibility of a witness to be attacked by evidence that refers to "[c]haracter for truthfulness or untruthfulness". Id.

Federal Rule of Evidence 609(a)(1) permits impeachment by evidence of conviction of a crime punishable by imprisonment in excess of one year if the probative value outweighs its prejudicial effect, subject to Rule 403.  However, Federal Rule of Evidence 609(a)(2) permits impeachment by: "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Id.  (emphasis added).

This rule permitting automatic admission of evidence of conviction of a crime involving dishonesty or false statement "is inflexible" and not subject to the balancing set forth in Rule 403. Daniels v. Loizzo, 986 F. Supp. 245, 249 (S.D.N.Y. 1997); see Fletcher v. City of New York, 54 F. Supp. 328 (S.D.N.Y. 1999); see also Haynes v. Kanaitis, 2004 WL 717115 (D. Conn. March 3, 2004).  Thus, while convictions under Rule 609(a)(1) "require a court to engage in a Rule 403 balancing inquiry, subpart (a)(2) which governs impeachment by *crimen falsi*

convictions,... bars the exercise of judicial discretion pursuant to Rule 403." Stone v. C. R. Bard, Inc., 2003 WL 22902564, *2 (S.D.N.Y. 2003)(internal quotes omitted).

Plaintiff's conviction for welfare fraud is exactly the type of criminal conviction that is admissible under Rule 609(a)(2) without a balancing inquiry or judicial discretion, as it is a crime involving "dishonesty or false statement". Rule 609(a)(2).  Plaintiff's argument that this fraud conviction is "completely irrelevant"[1] to the instant case is incorrect.  The controlling authority dictates that "making a false statement to a government agency is a crime akin to perjury" and that a conviction for fraud weighs heavily on credibility. Zinman v. Black & Decker (U.S.) Inc., 983 F.3d 431 (2d Cir. 1993)(affirming trial court's admission of evidence of plaintiff's 1975 conviction for Medicare fraud); see also U.S. v. Payton, 159 F.3d 49, 57 (2d Cir. 1998)(holding that a "conviction for making a sworn false statement to a government official is obviously a crime of dishonesty and false statement"); U.S. v. Nachamie, 101 F. Supp.2d 134, 150 (S.D.N.Y. 2000)(holding that evidence of a conviction for health care fraud "would provide probative evidence of his credibility").

The controlling case law dictates that "evidence that a witness has been convicted of a crime involving 'dishonesty or false statement' must be admitted regardless of the severity of the punishment or any resulting prejudice." Daniels v. Loizzo, 986 F. Supp. 245, 249 (S.D.N.Y. 1997); see U.S. v. Hayes, 553 F.32d 824, 827 (2d Cir. 1997); Stone v. C. R. Bard, Inc., 2003 WL 22902564, *2;  Jones v. New York City Health & Hosp. Corp., 2003 WL 21289653, *1 (S.D.N.Y. June 0, 2003).  A conviction for "criminal fraud" or "any other offense in the nature of crimen falsi" is "particularly probative of credibility" and therefore admissible under Rule 609(a)(2). Daniels v. Loizzo, 986 F. Supp. at 249.

---

[1] See Memorandum of Law in Support of Plaintiff's Motion in Limine, point I.A.1., at page 5, first line.

Plaintiff's welfare fraud conviction is also admissible under Rule 609(a)(1), as plaintiff was incarcerated for more than one year, and as set forth herein, the probative value of the conviction outweighs any prejudicial effect in this case.

Plaintiff's credibility is particularly at issue and relevant to several key disputed issues in this case, including the information that plaintiff provided to his treating medical providers at St. Clare's about his medical and social history.[2]  The St. Clare's medical records are replete with references that when plaintiff first came to St. Clare's in November 1996, plaintiff advised staff members that he was diagnosed as HIV positive in October 1996.  However, at his deposition, plaintiff denied that he advised anyone at St. Clare's that he had been diagnosed as HIV positive and instead stated that he was diagnosed as HIV positive by the staff at St. Clare's.  Defense witnesses testified at deposition and will testify at trial that the Spellman Center Clinic at St. Clare's is a clinic that only treats individuals who present with an HIV positive diagnosis; the clinic does not treat HIV negative individuals and in 1996/1997, St. Clare's did not test individuals for purposes of an HIV diagnosis if the patient advised that he was diagnosed as HIV positive.

Where a witness will testify in contradiction to other witnesses or evidence, the impeachment value of a conviction for fraud is particularly substantial, relevant, and admissible. U.S. v. Payton, 159 F.3d 49, 57-58 (2d Cir. 1998).  Faced with conflicting stories, the jury's task will be to determine who is telling the truth, and plaintiff's credibility on the stand is therefore of decisive importance.

---

[2] While it is a side issue, statements made for purposes of medical diagnosis or treatment, including medical history, medical conditions, and symptoms are admissible under Federal Rule of Evidence 803(4) and they are also admissible where the physician relies on the statement in formulating an opinion and treatment plan. Fed. R. Evid. 803(4); see e.g. Turner v. White, 443 F. Supp.2d 288 (E.D.N.Y. 2005).

There is also an issue of credibility regarding whether and when plaintiff gave blood for testing at St. Clare's. The St. Clare's medical records document that plaintiff advised the medical staff at St. Clare's that he did not give blood for laboratory studies on a particular date due to a long wait. However, at his deposition plaintiff denied stating that he did not give blood. (See Deposition Transcript of Plaintiff, attached as EXHIBIT "A" to plaintiff's motion in limine, at 94.) There are numerous issues regarding the drawing and testing of blood on different dates at St. Clare's. Both medical experts (plaintiff's expert Dr. Jay Dobkin and defendant's expert Dr. Alexander McMeeking) opine[3] that it is medically impossible for an HIV negative person to have the viral loads documented as plaintiff's blood test results on certain dates, and it has been demonstrated that plaintiff is HIV negative. Therefore, a key issue is whether plaintiff actually gave blood on those dates, if he had someone else give blood, or whether, as plaintiff claims, there was laboratory error.

Furthermore, there is evidence of fraud in the instant case. Defendant's medical expert Dr. Alexander McMeeking, a physician board certified in Internal Medicine and Infectious Diseases, who was the Director of the AIDS and Infectious Disease Clinic at Bellevue Hospital in 1987-89, opines within a reasonable degree of medical certainty that "the most plausible and most likely scenario is that Mr. Williams gave someone else his laboratory slip, someone he knew to be HIV positive, to go to the laboratory and have blood drawn for Mr. Williams." See Expert Report of Alexander A. McMeeking, M.D., attached hereto as EXHIBIT "A".

Dr. McMeeking opines, based upon his professional experience working with a similar patient population as to that of the Spellman Clinic at St. Clare's, that committing medical fraud was a common practice among patients and that there were incentives to do so, including city,

---

[3] The opinions of both experts are set forth in their reports, which have been exchanged by both sides. A copy of Dr. McMeeking's report is attached hereto as EXHIBIT "A"; his CV is omitted for purposes of brevity, as the only relevant portion for this motion is the opinions stated in his report.

state and federal government prescription, housing, and medical benefits. The St. Clare's medical records document that plaintiff received medical and housing benefits and assistance with obtaining benefits through the Spellman Clinic. Dr. McMeeking opines that the scenario presented in this case, that plaintiff is now known to be HIV negative, yet there are three separate laboratory studies attributed to him where the blood is from someone who must be HIV positive, is consistent with a situation of fraud in connection with his medical care.

The instant case is distinguishable from cases cited by plaintiff, such as <u>Wright v. Aargo Sec. Servs., Inc.</u>, 2001 WL 1035139 (S.D.N.Y. Sept. 7, 2001), where the "main issues of fact at trial - the duties performed by plaintiff, the hours he worked, and the compensation he received" were able to be proven by documentary evidence. <u>Id.</u> at *4. In the instant case, there are contradictions between the medical record and plaintiff's deposition testimony with respect to what plaintiff told his medical providers as part of his medical history for purposes of medical care and treatment.

Defendant is entitled to cross-examine plaintiff about his criminal conviction for fraud. Any potential prejudice of admitting the fraud conviction is outweighed by the fact that plaintiff's credibility and the veracity of his testimony regarding central issues in this case are essential to defendants' defense of this action. For all of the reasons set forth herein, the fraud conviction must be admitted pursuant to Federal Rule of Evidence 609 for all permitted purposes.

### B. Plaintiff's Conviction for Welfare Fraud is Relevant, Probative, and Admissible on the Issue of Culpable Conduct

An examination of plaintiff's credibility and character for truthfulness or untruthfulness, as permitted by Federal Rule of Evidence 608, also bears upon plaintiff's culpable conduct and/or

contributory negligence. In its Verified Answer, Defendant St. Clare's asserted an affirmative defense of plaintiff's culpable conduct. The assertion of this defense has not been waived.

A patient seeking medical treatment has the duty to exercise reasonable care. <u>Dunn v. Catholic Medical Center of Brooklyn and Queens, Inc.</u>, 55 A.D.2d 597, 389 N.Y.S.2d 123 (2d Dept 1976). Defendants will demonstrate at trial that plaintiff did not exercise reasonable care with respect to his medical care. In addition to all the reasons set forth above, plaintiff's 1993 welfare fraud conviction is relevant and admissible for purposes of cross-examination and treatment with respect to plaintiff's culpable conduct, including his own negligence and contribution to his claimed injuries.

It is well-settled under New York law that the culpable conduct and contributory negligence of a plaintiff, "including the failure to reveal part of one's medical history, may diminish a victim's recovery in a medical malpractice case." <u>Ogle v. State of New York</u>, 191 A.D.2d 878, 594 N.Y.S.2d 824 (3rd Dept. 1993); <u>see generally</u> <u>Gallo v. Linkow</u>, 255 A.D.2d 113, 679 N.Y.S.2d 377 (1st Dept. 1998).

As set forth above, plaintiff's credibility is at issue in this case, including the central issue of whether St. Clare's negligently diagnosed plaintiff as HIV positive. Patient care and treatment does not occur in a vacuum. Patients present with a medical history and must accurately provide that information to their medical practitioner in order to receive appropriate care and treatment.

In the instant case, there is conflicting evidence about what plaintiff told the medical providers and staff at St. Clare's about his medical history and whether he was diagnosed as HIV positive. The impeachment value of plaintiff's fraud conviction is substantial in this case because plaintiff has testified at deposition and will likely testify at trial in a manner inconsistent with other witnesses and evidence. <u>See</u> <u>U.S. v. Payton</u>, 159 F.3d 49, 57-58 (2d Cir. 1998).

Culpable conduct and contributory negligence are questions of fact for consideration by the jury. Bruni v. City of New York, 2 N.Y.3d 319, 778 N.Y.S.2d 757 (2004). In fact, a jury can even consider whether a plaintiff's negligence *after* the alleged medical malpractice contributed to plaintiff's claimed injuries. Dunn v. Catholic Medical Center of Brooklyn and Queens, Inc., 55 A.D.2d 597, 389 N.Y.S.2d 123 (2d Dept 1976)(holding that it was reversible error for the trial court to fail to charge the jury as to mitigation as a result of plaintiff's subsequent negligence).

Defendant is entitled to cross-examine plaintiff about his fraud conviction and permit the jury to consider whether plaintiff's testimony is truthful and credible.

### C. Plaintiff's Conviction for Welfare Fraud is Relevant, Probative, and Admissible For Assessment of Damages

Defendant is also entitled to cross-examine plaintiff about his fraud conviction and incarceration for purposes of assessment of damages. The "Second Circuit's 'inclusionary approach' allows the admission of conviction evidence 'for any relevant purpose' other than to show a defendant's criminal propensity. Daniels v. Loizzo, 986 F. Supp. at 248; see Pagnucco v. Pan American World Airways, Inc., 37 F.3d 804, 823 (2d Cir. 1994).

In Zinman v. Black & Decker (U.S.) Inc., 983 F.3d 431 (2d Cir. 1993), the trial court properly recognized that a fraud conviction was highly relevant to the jury's assessment of credibility on the issue of the impact of plaintiff's claimed injuries and damages. In affirming the trial court's admission of the conviction evidence, the Second Circuit Court of Appeals noted that any resulting prejudice was substantially outweighed by the probative value of the evidence.

In the instant case, plaintiff's criminal fraud conviction and prison time served is probative and relevant on the issue of damages as well as credibility. Plaintiff claims in this civil lawsuit that he suffered emotional damages and his belief that he was HIV positive impacted his

8

quality of life. (See, e.g. Deposition Transcript of Plaintiff, attached as EXHIBIT "A" to plaintiff's motion in limine, at 175-76.)  Defendants are certainly entitled to probe plaintiff's quality of life prior to the alleged negligence which plaintiff claims was negatively impacted by the diagnosis of HIV infection.  The jury must be "made aware of plaintiff's past so that they may properly decide on what damages, if any, should be awarded to plaintiff." Brundidge v. City of Buffalo, 79 F.Supp.2d 219 (W.D.N.Y. 1999).

Absent an opportunity to explore this relevant and necessary area, defendants will be denied a full and fair opportunity to defend this action.  The jury must be advised of the quality of plaintiff's life as a means of evaluating the impact, if any, the alleged negligent diagnosis of HIV had on plaintiff and his quality of life.  Absent this probative information, the jury will be misled and have an incomplete and inaccurate picture of plaintiff and damages, if warranted. Thus, the probative value of the fraud conviction outweighs any prejudicial effect for these reasons as well as those stated above.

## D. Federal Rule of Evidence 609(b) Does Not Preclude Admission of Plaintiff's 1993 Fraud Conviction Based Upon its Age

With respect to the age of the fraud conviction, Federal Rule of Evidence 609(b) permits introduction of the crimes at issue in this case.  The ten-year limit is discretionary, and the court can determine, in the interests of justice, that under the facts and circumstance, the probative value of the conviction substantially outweighs its prejudicial effect. U.S. v. Payton, 159 F.3d 49, 57 (2d Cir. 1998); Stone v. C. R. Bard, Inc., 2003 WL 22902564, *2 (S.D.N.Y. 2003); Daniels v. Loizzo, 986 F. Supp. 245, 249 (S.D.N.Y. 1997).  Based upon the foregoing, the probative value of plaintiff's fraud conviction significantly outweighs any potential prejudicial effect.

There are many cases where courts have admitted such relevant and probative evidence of criminal convictions that were more than ten years old. Specifically, the United States Court of Appeals for the Second Circuit has affirmed the admission of convictions more than ten years old. In U.S. v. Payton, 159 F.3d 49, 57 (2d Cir. 1998), the Court affirmed the admission of defendant's 13 year old fraud convictions because the defendant's credibility was crucial as she would testify in direct contradiction to the government's witnesses, the impeachment value of the convictions were substantial, and sufficient notice of the intent was given that the convictions would be used on cross-examination. Id. at 57-58.

Likewise, in Zinman v. Black & Decker (U.S.) Inc., 983 F.3d 431 (2d Cir. 1993), the Court affirmed the district court's admission of evidence of plaintiff's 1975 conviction for Medicare fraud; the conviction was 17 years old at the time of trial in 1992. In United States v. Palumbo, 401 F.2d 270 (2d Cir. 1968), the Court upheld the admission of 1929, 1937, 1946, 1945, and 1956 convictions for impeachment purposes in trial held in 1967. In Brundidge v. City of Buffalo, 79 F.Supp.2d 219 (W.D.N.Y. 1999), the trial court permitted defendant to question plaintiff about 1983 and 1985 arrests and convictions for criminal impersonation in a 1999 trial, ruling that those crimes bear directly on honesty and credibility. Id.

In deciding whether to admit conviction evidence more than ten years old, the court must consider factors such as the nature, age and severity of the crime, its relevance to the witness' credibility, the importance of credibility as an issue in the case, and "whether the witness has 'mended his ways' or engaged in similar conduct recently." Daniels v. Loizzo, 986 F. Supp. at 252. In the instant case, the requisite exceptional circumstances exist to warrant admission of the evidence.

As demonstrated above, the issue of plaintiff's credibility is squarely at issue in this case. With respect to age, while plaintiff's conviction for fraud was in 1993, plaintiff first came to St. Clare's in November 1996, only three years after the conviction, and plaintiff's allegations in this case stem from 1996 through 1997. There is only a one year lapse between the time plaintiff was released from prison in October 1995 and when he presented to St. Clare's in November 1996.

The instant case is distinguishable from a situation where a party seeks to introduce a criminal conviction that occurred ten years before the events at issue in the lawsuit. Here, plaintiff commenced a civil lawsuit nine years after the alleged negligence based upon date of discovery of the alleged negligence. The 1993 conviction (with a release date of 1995) is <u>not</u> stale with respect to this case stemming from events in 1996/97; in fact, it is particularly relevant and timely to the events at issue. The 1993 conviction is also relevant to the plaintiff's credibility and the veracity of his testimony at the time of trial of this action. The interests of justice demand that this fraud conviction be admissible, particularly as the conviction is so probative of dishonesty and credibility.

Furthermore, this is not a case where plaintiff "mended his ways" after his 1993 conviction and imprisonment, and in fact plaintiff has a long criminal record, Plaintiff was incarcerated at Huttonsville Correctional Center from on or about March 2000[4] through August 8, 2005 (with a transfer to Southern Regional Jail on or about April 3, 2004). Thereafter, upon information and belief, plaintiff was again incarcerated for parole violation, which resulted in his imprisonment and delayed discovery in this action due to the inability to depose plaintiff until shortly after his release (November 2006).[5] Therefore, there is ample evidence that plaintiff did

---

[4] Plaintiff testified at his deposition that he went to prison in March 2000. (<u>See</u> Deposition Transcript of Plaintiff, attached as EXHIBIT "A" to plaintiff's motion in limine, at 180.) .

[5] In fact, during the very drafting of these opposition papers, plaintiff's counsel telephoned your deponent to advise that Mr. Williams was again arrested for parole violation and is believed to be in jail or prison.

11

not mend his ways, and there can be no argument that plaintiff's fraud conviction is so old and inapplicable to his character, credibility, and the veracity of his testimony that its probative value would be overshadowed by potential prejudice.

Furthermore, with respect to plaintiff's argument that defendant failed to give sufficient advance written notice of the intent to introduce evidence of plaintiff's 1993 fraud conviction, there has been absolutely no showing of any prejudice or harm. The purpose of the notice requirement is to prevent unfair surprise and to give the adverse party the opportunity to prepare for trial. Zinman v. Black & Decker (U.S.) Inc., 983 F.3d 431, 434 (2d Cir. 1993). This motion in limine documents plaintiff's opportunity to litigate this matter prior to trial and there cannot be any argument of unfair surprise.

Plaintiff was aware of defendant's intention to introduce this evidence, as evidenced by counsel's motion in limine and the statements in plaintiff's Memorandum of Law that defendant "previewed its trial strategy during Mr. Williams' deposition". There is no rule stating the specific time period or deadline by which counsel must advise of its intent to introduce this evidence.[6]

Furthermore, the fact that plaintiff was incarcerated until approximately October 1996 severely impacted the parties' ability to conduct discovery, as the deposition of plaintiff was not conducted until November 1996.[7] The unique circumstances of this case and the "rush" to complete discovery was caused by plaintiff's incarceration and it is unfair to therefore attempt to accuse defendant of failing to provide timely written notice, particularly where plaintiff has shown absolutely no prejudice or harm and by the very nature of his motion in limine, has

---

[6] See Zinman v. Black & Decker (U.S.) Inc., 983 F.3d 431 (2d Cir. 1993)(permitting written notice during the trial of the intent to offer evidence of conviction more than ten years old).

[7] Of note, the deposition of defense witness Diana McLaughlin, the third defense witness requested by plaintiff was only just conducted on February 5, 2007.

sufficient advance notice of defendant's intent to introduce this evidence and opportunity to litigate this issue.

In any event, defendant has provided plaintiff will ample notice of its intent to introduce this evidence and served a formal Notice of Intent by Federal Express Overnight Mail on February 26, 2007. (EXHIBIT "B").

## CONCLUSION

While it is quite evident why plaintiff seeks to preclude introduction of plaintiff's 1993 welfare fraud conviction, its probative value to this case and the centrality of credibility to this case are so overwhelming as to outweigh any possible prejudice.  The jury is entitled to learn of plaintiff's fraud conviction three years prior to the events at issue and weigh the evidence on the issues of credibility, character for truthfulness or untruthfulness[8], and damages.

For all of the reasons set forth herein, it is respectfully requested that This Court deny plaintiff's motion in limine in its entirety and permit defendant to introduce evidence of plaintiff's 1993 fraud conviction during trial for all permitted purposes in accordance with the relevant Federal Rules of Evidence.

Dated: New York, New York
February 27, 2007

SILVERSON, PARERES & LOMBARDI, LLP

By_____/s/_____.
Rachel H. Poritz, Esq. (RP-7320)
Victoria Lombardi, Esq. (VL-4722)
300 East 42nd Street
New York, New York 10017
T. (212) 557-1818
F. (212) 557-1336
Attorneys for Defendant, St. Clare's Hospital  and
Health Center, n/k/a St. Vincent's Midtown Hospital

---

[8] In accordance with Federal Rule of Evidence 608.