UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JIMMIE MECCYA WILLIAMS,

                Plaintiff,

  vs.

TADD LAZARUS, M.D., P.C, ET Al. and
ST. CLARE'S HOSPITAL and HEALTH CENTER,
                Defendants.
------------------------------------------------------------x

Action No. 05 CV 5909 (HB)

MEMORANDUM OF LAW IN FURTHER SUPPORT OF AND IN REPLY
TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO VACATE THE DEFAULT NOTED BY THE CLERK AGAINST
THE NON-APPEARING DEFENDANT TADD LAZARUS, M.D.

SILVERSON, PARERES & LOMBARDI, LLP

Victoria Lombardi, Esq. (VL-4722)
Rachel H. Poritz, Esq. (RP-7320)
300 East 42nd Street
New York, New York 10017
T. (212) 557-1818
F. (212) 557-1336

Attorneys for Defendant, St. Clare's Hospital and Health Center, n/k/a St. Vincent's Midtown Hospital

TABLE OF CONTENTS

ARGUMENT..................................................................................................................1

    I.     THIS COURT HAS THE DISCRETION TO VACATE A DEFAULT SUA SPONTE IN THE INTERESTS OF JUSTICE.........................................................1

    II.    ST. CLARE'S HAS STANDING TO OPPOSE THE DEFAULT BECAUSE ITS INTERESTS ARE UNITED WITH DR. LAZARUS, WHO WAS AN EMPLOYEE OF ST. CLARE'S AT THE TIME OF THE ALLEGED NEGLIGENCE..................................................................................................2

    III.   DR. LAZARUS PLAYS NO ROLE IN THE INSTANT CASE AS HE NEVER TREATED PLAINTIFF AND PLAINTIFF ADMITS THAT HE NEVER EVEN MET DR. LAZARUS .......................................................................3

    IV.   PLAINTIFF HAS FAILED TO MAKE ANY SHOWING THAT DR. LAZARUS WAS PROPERLY SERVED WITH PROCESS IN THIS ACTION ..............................................................................................................4

CONCLUSION...............................................................................................................5

# TABLE OF AUTHORITIES

Statutes

Federal Rule of Civil Procedure 60(1)......................................................................................2

Cases

Fifield v. Barrancotta, 2007 WL 528069 (W.D.N.Y. 2007).......................................................1

Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 111 (2d Cir. 2001)....................................1, 3

Ruiz v. Weiler & Co., Inc., 1995 WL 25276 (N.D. Ill. 1995).....................................................2

Sea Spray Holdings, Ltd. v. Pali Financial Group, Inc.,
269 F.Supp.2d 356 (S.D.N.Y. 2003)....................................................................................1, 3

Defendant St. Clare's Hospital and Health Center, n/k/a St. Vincent's Midtown Hospital (hereinafter "St. Clare's"), by its attorneys Silverson Pareres & Lombardi, LLP, respectfully submits this Memorandum of Law in further support of and in reply to plaintiff's opposition to its motion to vacate the default of the non-appearing defendant Tadd Lazarus, M.D. (hereinafter "Dr. Lazarus").

As stated in the moving papers, the Clerk has noted the default of Dr. Lazarus, but no default has been entered and a default judgment has not been obtained. However, plaintiff has orally advised of his intent to proceed with a default against Dr. Lazarus. The reason for this motion is to correct an error regarding alleged actions of the moving defendant St. Clare's, which resulted in a default wrongfully entered against Dr. Lazarus.

## ARGUMENT

### I. THIS COURT HAS THE DISCRETION TO VACATE A DEFAULT SUA SPONTE IN THE INTERESTS OF JUSTICE

Defendant St. Clare's respectfully requests that This Court vacate the default noted against Dr. Lazarus sua sponte and in the interests of justice.

Decisions to vacate an entry of default are within the sound discretion of the court. Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 111 (2d Cir. 2001); Fifield v. Barrancotta, 2007 WL 528069 (W.D.N.Y. 2007). The Second Circuit has specifically ruled that while relief is usually sought by motion by a party, a court can set aside an entry of default of default judgment sua sponte. Fort Knox Music Inc. v. Baptiste, 257 F.3d at 111; Sea Spray Holdings, Ltd. v. Pali Financial Group, Inc., 269 F.Supp.2d 356 (S.D.N.Y. 2003).

1

Furthermore, Federal Rule of Civil Procedure 60(a) permits the court "at any time of its own initiative or on the motion of any party" to correct any "errors therein arising from oversight or omission". Id.

As set forth in the moving papers, there are legitimate and justifiable reasons to vacate the default noted by the Clerk for Dr. Lazarus and to prevent plaintiff from proceeding to enter judgment against Dr. Lazarus, who was never given notice of this lawsuit by proper service of process. Defendant's moving papers demonstrate that the Clerk's notice of Dr. Lazarus' default is based upon error. In accordance with Federal Rule of Civil Procedure 60(a), This Court can correct the erroneous default that has been noted by the Clerk for Dr. Lazarus. The interests of justice necessitate that Dr. Lazarus not be prejudiced by the erroneous entry of default against him.

## II. ST. CLARE'S HAS STANDING TO OPPOSE THE DEFAULT BECAUSE ITS INTERESTS ARE UNITED WITH DR. LAZARUS, WHO WAS AN EMPLOYEE OF ST. CLARE'S AT THE TIME OF THE ALLEGED NEGLIGENCE

Plaintiff's only opposition to the instant motion is that defendant St. Clare's lacks standing to move for relief on behalf of Dr. Lazarus. However, there is a basis upon which St. Clare's can move for relief on behalf of its employee, as they have united interests.

The case Ruiz v. Weiler & Co., Inc., 1995 WL 25276 (N.D. Ill. 1995), cited by plaintiff in his opposition papers, did hold that the moving defendant did not have standing to challenge a motion for default against a co-defendant. However, the court specifically noted that the lack of standing was based upon a lack of unity of interest, as the two defendants were totally separate entities. That situation is different from the instant situation where Dr. Lazarus was an employee of St. Clare's at the time of the alleged negligence and St. Clare's may be vicariously liable for his negligent acts, if any. St. Clare's and Dr. Lazarus are united in interest because at the time of

2

the alleged negligence he was an employee acting on behalf of St. Clare's and treating patients at St. Clare's.

In any event, this Court has the power to sua sponte grant the relief sought without a formal motion by Dr. Lazarus. Fort Knox Music Inc. v. Baptiste, 257 F.3d at 111; Sea Spray Holdings, Ltd. v. Pali Financial Group, Inc., 269 F.Supp.2d 356 (S.D.N.Y. 2003).

### III. DR. LAZARUS PLAYS NO ROLE IN THE INSTANT CASE AS HE NEVER TREATED PLAINTIFF AND PLAINTIFF ADMITS THAT HE NEVER EVEN MET DR. LAZARUS

The justification for This Court to vacate the default noted against Dr. Lazarus is particularly compelling, as there is no evidence that Dr. Lazarus was involved in plaintiff's care and treatment at St. Clare's in any manner.

In fact, plaintiff testified at his deposition that he could not recall meeting Dr. Lazarus. When asked if he had ever met Dr. Lazarus, plaintiff responded "I can't say I had. I can't say I met him." (Deposition of Plaintiff Jimmie Meccya Williams, dated November 17, 2006, attached hereto as EXHIBIT "A", at 102, lines 12-13; see EXHIBIT "A", at 99, line 15-17, at 103, line 12-15). In fact, plaintiff stated that the only reason he named Dr. Lazarus as a defendant "is because he is on all my paperwork, his name is on all my paperwork." (EXHIBIT "A", at 103, lines 16-25) In fact, plaintiff stated that upon inquiry to St. Clare's "I was apprised that Dr. Lazarus was the chief physician. So he, to me of course, appeared to be the most credible defendant to name in my petition." (EXHIBIT "A", at 103, lines 16-25).

While plaintiff has not yet moved for a default judgment against Dr. Lazarus, it is the position of St. Clare's that to pursue a default judgment against a physician who was never properly served and who plaintiff admits did not render medical care to him, would violate ethical standards of legal practice. St. Clare's has made this motion in the interests of justice to

3

correct an error because plaintiff mistakenly claims that the action of a St. Clare's employee (the purported acceptance of service for Dr. Lazarus)[1] has led to a default noted against Dr. Lazarus.

As Dr. Lazarus never treated plaintiff (and plaintiff never even met him), there can be no prejudice. St. Clare's is not seeking relief for a treating physician who failed to appear in this action; Dr. Lazarus does not belong in this case and was only served because his name appeared on plaintiff's medical records due to his position as director of the Spellman Center Clinic at that time. There is no prejudice to plaintiff's ability to seek redress for his allegations. However, there is prejudice to an individual who was never given proper notice of a lawsuit pending against him and who may have a default judgment entered against him.

A sua sponte order pursuant to This Court's liberal discretion is warranted and necessary in the interests of justice and to correct an error in this case.

## IV. PLAINTIFF HAS FAILED TO MAKE ANY SHOWING THAT DR. LAZARUS WAS PROPERLY SERVED WITH PROCESS IN THIS ACTION

There is no evidence that Dr. Lazarus was properly served in this action. Rather, St. Clare's demonstrated in the moving papers, through the Affidavits of John Hernandez, the Director of Human Resources at St. Clare's, and Administrative Assistant Linda Brown, the individual alleged to have accepted service for Dr. Lazarus, that St. Clare's was not authorized to accept service and did not accept service for Dr. Lazarus, a physician who had absolutely no affiliation with St. Clare's after February 27, 1999. Plaintiff claims to have served Dr. Lazarus at St. Clare's on December 23, 2005.

---

[1] St. Clare's demonstrated in its moving papers that service was not accepted by St. Clare's for Dr. Lazarus and that the individual alleged to have accepted service was not authorized to accept service for any individual physician and would never have accepted service for Dr. Lazarus.

4

## CONCLUSION

For all of the reasons set forth herein and in the moving papers, a default should not have been entered against Dr. Lazarus. This Court should issue an order sua sponte, in the interests of justice, to vacate the erroneously noted default against a physician who did not render medical care to plaintiff, who was never given proper legal notice of a lawsuit against him, and who may suffer legal harm as a result of this error.

Accordingly, it is respectfully requested that the within motion to vacate the default be granted in its entirety, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 28, 2007

SILVERSON, PARERES & LOMBARDI, LLP

By_____/s/_____.
Rachel H. Poritz (RP-7320)
Victoria Lombardi, Esq. (VL-4722)
300 East 42nd Street
New York, New York 10017
T. (212) 557-1818
F. (212) 557-1336
Attorneys for Defendant, St. Clare's Hospital and
Health Center, n/k/a St. Vincent's Midtown Hospital