DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/07

SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-2436

E-MAIL ADDRESS
jgeller@stblaw.com

BY EMAIL

February 28, 2007

Re:   *Williams v. Lazarus*
      No. 05-Civ-05909

Honorable Harold Baer, Jr.
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Chambers 2230
New York, New York 10007

Dear Judge Baer:

      Pursuant to the Court's request, I submit this letter in support of the proposition that a district court may properly issue a writ of habeas corpus *ad testificandum* ordering a state to produce a state prisoner for testimony in a federal civil action, and that the state must bear the financial burden associated with complying with the writ.

      A district court has authority under the habeas statute to order a state other than the state in which it is located to produce a prisoner to testify. This is known as the extraterritorial application of the writ of habeas corpus *ad testificandum*. The Court of Appeals for the Fourth Circuit explains the argument for the extraterritorial application of the writ of habeas corpus ad testificandum in *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107 (4th Cir. 1988):

> The issuance of writs of habeas corpus is governed by 28 U.S.C. § 2241, which provides in pertinent part:
>
> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless –
>
> (5) It is necessary to bring him into court to testify or for trial.

LOS ANGELES     PALO ALTO     WASHINGTON, D.C.     HONG KONG     LONDON     TOKYO

> Since subsection (a) grants the authority to issue writs of habeas corpus "within their respective jurisdictions," a number of courts once believed that the writ of habeas corpus *ad testificandum* could not be issued extraterritorily. In *Carbo v. U.S.*, 364 U.S. 611, 5 L. Ed. 2d 329, 81 S. Ct. 338 (1961), the Supreme Court qualified the apparent limiting phrase in the statute by finding that a district court in California could issue a writ of habeas corpus *ad prosequendum* to a New York City prison official to turn over a prisoner to stand trial in California. According to the Supreme Court, the limiting phrase applied to the writ of habeas corpus *ad subjiciendum* but not to the writ of habeas corpus *ad prosequendum*. The Supreme Court's decision was based on a statutory analysis of § 2241(c)(5), which also governs the writ of habeas corpus ad testificandum. The Supreme Court, however, expressly refused to decide whether the writ of habeas corpus *ad testificandum* could be issued extraterritorily.
>
> While *Carbo* left the issue open, most courts have now recognized that the analysis used by the Supreme Court applies equally to the writs of habeas corpus *ad testificandum* and habeas corpus *ad prosequendum*.

*Id.* at 114. *See also United States v. Moussaoui*, 382 F.3d 453, 466 (4th Cir. 2004) ("a district court can reach beyond the boundaries of its own district in order to issue a testimonial writ"); *ITEL Capital Corp. v. Dennis Mining Supply & Equip., Inc.*, 651 F.2d 405, 407 (5th Cir. Unit B Jul. 1981) ("we find statutory authority for issuing a writ [of habeas corpus *ad testificandum*] extraterritorially"); *Stone v. Morris*, 546 F.2d 730, 737 (7th Cir. 1976) ("We . . . hold that a district court has the power, although to be exercised with discretion, to compel production of an incarcerated party or witness from anywhere in the country through the use of a writ of habeas corpus *ad testificandum*."). The district courts in the Second Circuit have similarly held. *See United States v. Uzair Paracha*, No. 03 Cr. 1197, 2006 U.S. Dist. LEXIS 1, at *17–18 (S.D.N.Y. Jan. 3, 2006) ("testimonial writs can be issued extraterritorially"); *Atkins v. City of New York*, 856 F. Supp. 755, 759 (E.D.N.Y. 1994) ("a district court may issue a writ of habeas corpus *ad testificandum* unfettered by jurisdictional restraints").

On the issue of cost, the caselaw instructs that the state is responsible for bearing the costs of complying with the writ by producing the prisoner before the district court. *See Sampley v. Duckworth*, 72 F.3d 528, 529 (7th Cir. 1995) (noting that that "there is no historical requirement that custodians be reimbursed for their costs of compliance with the writ [of habeas corpus *ad testificandum*]"; *Sales v. Marshall*, 873 F.2d 115, 119 (6th Cir. 1989) ("We know of no rule that prohibits a court from requiring the custodian of a prisoner to transport the prisoner to court proceedings at the custodian's expense."); *Wiggins v.*

Honorable Harold Baer, Jr.                    -3-                    February 28, 2007

*County of Alameda*, 717 F.2d 466, 469 (9th Cir. 1983), *cert. denied sub nom. California Dep't of Corr. v. United States*, 465 U.S. 1070 (1984) (affirming a United States Magistrate's order that the state transport, guard and pay all expenses incurred in producing a state prisoner for trial of his civil rights action, and finding "no basis upon which the state can seek compensation for its expenses"); *Story v. Robinson*, 689 F.2d 1176, 1179 (3d Cir. 1982) ("At no time has [the federal courts' express authority to issue writs of habeas corpus *ad testificandum* for the production of state prisoners] ever been qualified by a requirement that the respondent custodian, state or federal, be compensated for compliance with the writ.").

As I discussed with your law clerk Jasmine Elwick, *Rivera v. Santirocco*, 814 F.2d 859 (2d Cir. 1987), holds that once a state has complied with a writ of habeas corpus *ad testificandum* by producing a state prisoner before the court, the district court may, pursuant to the All Writs Act, 28 U.S.C. § 1651, properly order the U.S. Marshals and the Federal Bureau of Prisons to assume custody of the state prisoner until the court remands the prisoner to the state after the trial.

*Rangolan v. County of Nassau*, 370 F.3d 239 (2d Cir. 2004), provides an example of a writ of habeas corpus *ad testificandum*. This example is helpful in its specificity regarding the respective obligations of the state and the U.S. Marshals, and follows the framework set out in *Rivera*.

> YOU ARE HEREBY COMMANDED to have the body of Neville Rangolan, Inmate Number 52385 detained in the York County Prison . . . under your custody, and that you (1) deliver him to the custody of the United States Marshal for this District at the United States Courthouse, 2 Uniondale Avenue, Uniondale, New York 11553, where he shall be held until he shall be delivered, under safe and secure conduct before Judge Arthur D. Spatt of the Eastern District Court at this courthouse, by 29th day of March, 1999 at 9:30 A.M. in the above captioned civil action; (2) Neville Rangolan shall be kept under safe and secure custody by the United States Marshal until the trial has concluded and as necessary, remanded to the custody of the Warden, Metropolitan Detention Center (MDC), 100 29th Street, Brooklyn, New York 11232; (3) immediately upon the conclusion of the trial the United States Marshal shall notify you and you shall return Neville Rangolan to York County Prison in York, Pennsylvania under safe and secure conduct.

*Rangolan*, 370 F.3d at 249.

If I may be of any further assistance to the Court concerning this matter, please let me know.

Respectfully,

Joshua R. Geller

cc: Rachel H. Poritz, Esq. (by email)

After reviewing the timetable for the likely harnessing I have the power) production of the 11 for a 3/12/07 trial and adding a dealop of reality I am putting the matter on suspense and TH's counsel will contact me and arrange a conference call with the △ & together we will endeavor to find a convenient time for trial. I in some probability will the It to available on or before 3/12 we will revisit this scheduling decision.

SO ORDERED:
Harold Baer Jr., U.S.D.J.
Date: 2/28/07

Endorsement:

After reviewing the timetable for the likely (and assuming I have the power) production of the plaintiff for a 3/12/07 trial and adding a dollop of reality I am putting the matter on suspense and plaintiff's counsel will contact me and arrange a conference call with the defendant and together we will endeavor to find a convenient time for trial. If in some unlikely way the plaintiff is available on or before 3/12 we will revisit this scheduling decision.